## ACKERSON et ux. v. FARM & HOME SAVINGS & LOAN ASS'N OF MISSOURI.
### No. 9459.

Court of Civil Appeals of Texas. San Antonio.

Dec. 5, 1934.

Rehearing Denied Jan. 2, 1935.

See, also, 71 S.W.(2d) 381.

Brown & Bader and J. F. Carl, all of Edinburg, for appellants.

Raymond Edwards, of San Antonio, and Montgomery, Hall & Taylor, of Edinburg, for appellee.

MURRAY, Justice.

This was a suit by appellee, Farm & Home Savings & Loan Association of Missouri, against appellants, Carl A. Ackerson and his wife, Vada A. Ackerson, seeking judgment upon certain notes, and for foreclosure of an alleged lien against certain real estate described as lot No. 6, in Ebony Heights subdivision, adjacent to Edinburg, Hidalgo county, Tex., containing one acre, more or less. The trial was to a jury, but the trial court set aside a favorable jury verdict for appellants and rendered judgment, notwithstanding the verdict, in appellee's favor and against Carl A. Ackerson, for all sums alleged to be due appellee and for a foreclosure, against both appellants, of an alleged lien securing a $1,500 mechanic's and materialman's lien note against the above-described real estate, which was the homestead of appellants, and for the amount of taxes as paid by appellee.

Ackerson and wife present this appeal.

The obligation and lien upon which the judgment is based was an extension of an alleged mechanic's and materialman's note and lien taken up, renewed, and extended by appellee.

■ Appellants first complain because the trial judge rendered judgment contrary to and notwithstanding the verdict. This action of the court was proper if a directed verdict would have been proper. Article 2211, R. S. 1925, as amended by Acts 1931, Reg. Sess. 42d Leg. p. 119, c. 77, § 1 (Vernon's Ann. Civ. St. art. 2211).

■ By their second proposition, appellants complain that, inasmuch as the material was furnished and the labor performed before the execution of the lien on their homestead, such purported lien was void, as well as the extension thereof, and that same should not have been foreclosed. There were two liens sued upon, but, as foreclosure was had only on the lien securing the $1,500 note, we need not here consider the other lien; no cross-assignments of error having been filed. Unquestionably, a mechanic's and materialman's lien that is not executed before the material is furnished and the work done is void as against a homestead claim of the husband and wife, unless they are in some way estopped to set up the invalidity of the lien. It is quite true, as contended by appellants, that, where a homestead is visibly and openly occupied by a family, the homestead right will not be defeated by false or fraudulent representations to the effect that such premises do not constitute their homestead. The actual occupancy of the homestead is notice of the falsity of such representations. Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S. W. 12; American Exchange National Bank v. Jeffries (Tex. Civ. App.) 36 S.W.(2d) 558. There is, however, an exception to this rule where the family occupies two places, each as a residence, and either may properly be designated as the homestead. In such a case the parties are bound by their representations. Carstens v. Lan-

drum (Tex. Com. App.) 17 S.W.(2d) 803; Parrish v. Hawes, 95 Tex. 185, 66 S. W. 209; American State Bank & Trust Co. v. Johnston (Tex. Civ. App.) 58 S.W.(2d) 880.

■ The question here presented is not one of homestead, vel non, but the validity of a mechanic's and materialman's lien against a homestead. It has been definitely held that, when owners of a homestead represent that existing notes are valid mechanic's lien notes for improvements, secured by a mechanic's lien contract properly executed, and they thereby induce innocent third parties to invest funds on the faith and credit of such lien, the husband and wife are estopped as to such third parties to plead that the lien is invalid. Farm & Home Savings & Loan Ass'n v. Muhl (Tex. Civ. App.) 37 S.W.(2d) 316; Garrett v. Katz (Tex. Civ. App.) 23 S. W.(2d) 436; Eylar v. Eylar, 60 Tex. 315.

The third proposition becomes immaterial in view of other holdings herein made, and is overruled.

■■ By their fourth proposition appellants contend that in any event appellee had knowledge, through its agent, Tapager, of the invalidity of the lien, and therefore cannot be heard to say that it is an innocent purchaser of this lien. The jury found, and the evidence justifies the conclusion, that in the taking of the application for this loan Tapager acted as agent for appellee. The evidence further shows that appellants informed Tapager that the material was furnished and the labor performed before the lien was executed, but that Tapager told them that, if they wanted the loan to go through, they would have to answer that the lien was first executed and the material and labor furnished afterward. It is further shown that Tapager informed appellants that they would not lose their home by the extension of this lien, as it was void. It is true that ordinarily notice to the agent is notice to the principal, but, where an agent is shown to have an interest adverse to his principal, and to accomplish this he proves unfaithful to his trust to truly represent his principal, then notice to such an unfaithful agent is not notice to the principal. First Texas Joint Stock Land Bank of Houston v. Chapman (Tex. Civ. App.) 48 S.W.(2d) 651, 654; Scripture v. Scottish-American Mortgage Co., 20 Tex. Civ. App. 153, 49 S. W. 644; Centennial Mutual Life Association v. Parham, 80 Tex. 519, 16 S. W. 316. It is true that the jury found, in answer to special issue No. 2, that there was no collusion between appellants and Tapager, but the evidence shows conclusively that there was collusion. The application for the loan contained the following question: "Was said contract (mechanic's lien) signed and acknowledged by you and your wife before any material was furnished or work done on said improvements?" To which question appellants, under the advice of Tapager that it was necessary in order to put through the loan, answered, "Yes." Tapager knew that appellee would not take up and extend this mechanic's lien if the true facts were made known to it. Untrue to his trust, he recommended a false answer which would cause his principal to invest its funds in a lien contract which was void under section 50 of article 16 of the State Constitution. He may have been prompted to do this by a desire to make the commission that appellee had agreed to pay him, or to help appellants secure an extension of their debt, or to aid Thompson, the original payee of this obligation, but, regardless of his motive, Tapager was not faithful to his principal and concealed from it the true facts. Notice to Tapager was not notice to appellee under the circumstances. The evidence is conclusive that appellee had no knowledge of the falsity of the answer concerning this mechanic's lien. Standard Savings & Loan Ass'n v. Fitts, 120 Tex. 303, 39 S.W.(2d) 25; Am. Law Inst. Restatement of the Law of Agency, vol. 1, p. 625, § 282.

In First Texas Joint Stock Land Bank of Houston v. Chapman, supra, the court said: "The authorities are uniform to the effect that a principal is not affected by notice to an agent who is acting adversely to the interests of his principal, and either for his own benefit or for the benefit of a third party."

The fourth proposition is not sustained.

■ Appellants assert in their fifth proposition that the only way a lien can be created against a homestead is by strict compliance with article 5460, R. S. 1925, and that such lien cannot be created against a homestead by estoppel. This may be true as a proposition of law, but, whether the lien is valid or invalid, the husband and wife can estop themselves from asserting its invalidity by their own wrongful conduct.

The judgment of the lower court will be affirmed.