Charles R. ZELLER et ux., Appellants,

v.

UNIVERSITY SAVINGS ASSOCIATION et al., Appellees.

No. B2043.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 18, 1979.

---

2. Herein referred to as the Rules of Practice and Procedure.

Newton B. Schwartz, Houston, for appellants.

John Teed, Teed, Glassman, Barrow & Serafin, Will G. Dickey, Little & Dickey, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and COULSON and CIRE, JJ.

J. CURTISS BROWN, Chief Justice.

Summary judgment was rendered against plaintiffs in their suit to set aside the foreclosure sale of their residence.

The property in question was owned by Charles Zeller and wife (appellants) subject to a purchase money mortgage and lien. On July 22, 1976, appellants, to secure a loan for home improvements by University Savings Association (Association), executed three promissory notes and subjected the residence to a second-lien deed of trust. Appellants made payments on the notes for seventeen months during which time the Association accepted numerous payments that were from one week to a month late. In March 1978, when neither the February nor March 1978 payments had been paid, Henry Serafin, II (Serafin), as substitute trustee, was instructed by the Association

to accelerate the notes and to institute foreclosure proceedings under the deed of trust. On March 27, 1978, appellants received notice by certified mail of foreclosure sale proceedings to be held on April 4, 1978. Appellants filed for a temporary injunction to halt the sale, but subsequently withdrew that suit and entered into the following agreement in open court:

> With respect to a foreclosure duly posted for sale on property of Mr. Zeller, the plaintiff . . . has agreed to take a non-suit and withdraw . . . the petition for injunction . . . But in the event the sale is held today and University Savings becomes purchaser, that it will between now and the next date of sale under the statute . . . reconvey its interest . . . subject to the first lien. . . .

The substitute trustee held the sale as scheduled and the property was conveyed by Serafin to David Lawson (Lawson) subject to the first lien. Appellants then filed suit against the Association, Serafin, and Lawson to set aside the sale, alleging as grounds improper notice and posting; conspiracy among the defendants; that the Association had waived prompt payment by acceptance of late payments; and that labor and materials were furnished before the contracts for the improvements were executed. When the defendants' motions for summary judgment were granted, appellants brought this appeal.

■ The standard to be applied in reviewing summary judgment cases is well established. The controlling question is whether appellees, as the parties moving for summary judgment, established that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law. *Pachter v. Woodman*, 547 S.W.2d 954, 957 (Tex.1977); *National Founders Corp. v. Central National Bank*, 521 S.W.2d 92, 97 (Tex.Civ.App.— Houston [14th Dist.] 1975, writ ref'd n. r. e.). Further,

> [a]ll conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing

the motion is accepted as true. [Citations omitted.] Evidence which favors the movant's position is not considered unless it is uncontradicted. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. *E. g., Pachter, supra.*

■ Appellants urge that there is a question of fact with respect to the timeliness of the mailing of the notice of sale. The applicable statute requires that

> the holder of the debt to which the power is related shall at least 21 days preceding the date of sale *serve written notice of the proposed sale by certified mail on each debtor obligated to pay* such debt according to the records of such holder. *Service of such notice shall be completed upon deposit of the notice, enclosed in a postpaid wrapper, properly addressed to such debtor at the most recent address as shown by the records of the holder of the debt, in a post office or official depository* under the care and custody of the United States Postal Service. The affidavit of any person having knowledge of the facts to the effect that such service was completed shall be prima facie evidence of the fact of service.

Tex.Rev.Civ.Stat.Ann. art. 3810 (Supp.1978) (emphasis added). In his affidavit, Serafin, the substitute trustee, stated that "[n]otice of the sale was timely and properly sent to plaintiffs as reflected by the notice letter and certified mail receipt. . . ." The notice letter is dated March 13, 1978, which would be "at least twenty-one days preceding the date of sale . . . ." However, the certified mail receipt does not bear the date of deposit of the notice "in a post office or official depository" but does reflect the date of delivery and postmark to be March 27, 1978, only nine days preceding the sale date. Neither the affidavit nor the incorporated notice letter and mail receipt complies with the statutory requirement of "knowledge of the facts to the effect that

such service was completed . . . ." Further, the affidavit, notice letter, and certified mail receipt rebut the presumption contained in the trustee's deed "that all prerequisites to said sale required either by law or by said Deeds of Trust have been dutifully and fully complied with . . . ." *Pachter, supra,* 547 S.W.2d at 957. *See also, Gulf, Colorado & Sante Fe Railway Co. v. McBride,* 159 Tex. 442, 322 S.W.2d 492 (1958). Therefore, under *Pachter,* there is a question of fact presented on this material issue. However, we agree with the appellees that, by agreeing to allow the sale to proceed at the option of the Association and obtaining the right to repurchase if the interest was acquired by the Association, appellants waived any defects in notice or posting and cannot rely on those grounds for setting aside the foreclosure sale. The appellants' contention that the Association waived prompt payments by a continuous acceptance of late payments is likewise without merit since the notes expressly provided that acceptance of late payments would not give rise to waiver of promptness on subsequent payments.

▇▇▇ Appellants also claim that appellees Lawson and the Association acted in collusion to deprive appellants of the right to repurchase as set out in the stipulation. Under the applicable summary judgment rules, it was the appellees' burden to establish that no issues of material fact existed as to conspiracy or collusion. *National Founders, supra,* 521 S.W.2d at 97. In the case at bar the appellees assert by affidavits that there had been no contact between Lawson and the other appellees before the sale other than a telephone inquiry by Lawson concerning the amount owed. The appellees further deny any conspiracy or collusion. The stipulation in open court did not obligate the Association to purchase the property or even bid on it. By agreeing to the stipulation, appellants accepted the risk that someone other than the Association might be that purchaser. Encouraging bidding at such a sale would not be illegal or improper. There is no suggestion that Lawson was acting as straw man for the Association or that he acted in its behalf to avoid the repurchase covenant. Nor is there any intimation that the activities of the Association or Lawson constituted a "combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means," as required to establish a civil conspiracy. *Schlumberger Well Sur. Corp. v. Nortex Oil & G. Corp.,* 435 S.W.2d 854 (Tex. 1968); *St. Joseph Pro. Bldg. Corp. v. American Nat. Ins. Co.,* 511 S.W.2d 578, 582 (Tex. Civ.App.—Houston [14th Dist.] 1974, writ ref'd n. r. e.). The affidavits of appellees are sufficient to establish the non-existence of any genuine issues of material fact. McDonald, Texas Civil Practice, § 17.26.8(iv) (rev.1971). *See, National Founders, supra,* 521 S.W.2d at 97.

▇▇▇ Appellants claim that the lien held by the Association was invalid since labor and materials were supplied to the homestead before a written contract covering such was executed. It is true that a mechanics and materialman's lien is unenforceable against the homestead if a contract to cover the labor and materials is not executed before work is begun or materials delivered. Tex.Rev.Civ.Stat.Ann. art. 5460 (Supp.1978). Nevertheless, when appellants recited in the notes that in fact labor and materials had not been furnished before the execution of the contracts, they induced the Association, an innocent third party, to rely on the validity of such liens. It is well settled that in such instances the parties making the recitations are estopped to later argue the invalidity of the liens as a defense to foreclosure. *Ackerson v. Farm & Home Savings & Loan Ass'n.,* 77 S.W.2d 559, 561 (Tex.Civ.App.—San Antonio 1934, writ ref'd); *Farm & Home Savings & Loan Ass'n v. Muhl,* 37 S.W.2d 316 (Tex.Civ.App. —Waco 1931, writ ref'd).

▇▇▇ The contention is made on appeal that the interest rates required in the notes were in violation of the usury laws. We do not consider this point since it was not presented to the trial court by "written motion, answer or other response. . . ." Tex.R.Civ.P. 166–A.

We conclude that appellees met their burden of showing the non-existence of any genuine issue of material fact and their entitlement to judgment as a matter of law. Appellants' points of error are overruled and the summary judgment for the appellees is affirmed.

Affirmed.