CV5-676 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING









NO. 03-95-00676-CV







Mundaca Investment Corporation, Appellant




v.




Johnny M. Espinoza, Victoria Espinoza and All Other Occupants of 407 Parker,

San Marcos, Texas, Appellees






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. 94-0872, HONORABLE CHUCK MILLER, JUDGE PRESIDING







PER CURIAM


 Our opinion and judgment of August 28, 1996, are withdrawn and the following
substituted therefor.

 Mundaca Investment Corporation appeals from a judgment against it in its trespass-to-try-title action against appellees ("the Espinozas") and in favor of the Espinozas on their claim
that Mundaca engaged in unfair debt collection practices. The case was tried before a jury. The
Espinozas recovered damages for unfair debt collection practices and attorney's fees. We will
affirm the trial-court judgment.

 In eleven pairs of legal and factual sufficiency points, Mundaca brings twenty-two
points of error which can be divided into two main groups. (1) The first group centers on the lien: 
whether Mundaca properly established the lien (points seven and eight); whether Mundaca owned
the lien (points three and four); whether Mundaca properly foreclosed (points five and six);
whether Mundaca was entitled to possession which the Espinozas wrongfully withheld (points
nine, ten, eleven and twelve); and whether Mundaca was entitled to compensation for the withheld
possession (points thirteen and fourteen). The second group of points concerns the Espinozas'
counter-claim: Mundaca did not engage in unreasonable debt collection practices such that the
Espinozas were entitled to damages (points one, two, fifteen and sixteen); Mundaca's conduct was
neither a proximate nor producing cause of damage to the Espinozas (points seventeen, eighteen,
nineteen and twenty); and the Espinozas were not entitled to attorney's fees (points twenty-one
and twenty-two).



Background


 The Espinozas borrowed money from First Federal Savings of San Marcos to make
improvements to their homestead. They executed a mechanic's lien contract and deed of trust to
secure the loan. First Federal went into receivership in May 1990. Beginning in October 1991,
the Espinozas failed to make payments on the loan. The Resolution Trust Corporation sold the
contract and note to Mundaca. Mundaca sent a notice to cure the default to the Espinozas. 
Mundaca received no response and conducted a non-judicial foreclosure, purchasing the property
on its own behalf. (2) After the foreclosure, Mundaca initiated eviction proceedings in justice-of-the-peace court, but that court dismissed the suit for want of jurisdiction. Mundaca filed a second
justice-court action, and its claim was denied on the merits. Mundaca's appeals to the county
court were unsuccessful in both causes. Mundaca then filed this action in district court.

Standard of Review

 We review a no-evidence challenge by considering only the evidence and inferences
that tend to support the finding and disregarding any evidence and inferences to the contrary. 
Havner v. E-Z Mart Stores, Inc., 825 S.W.2d 456, 456 (Tex. 1992); Garza v. Alviar, 395 S.W.2d
821, 822 (Tex. 1965). If any probative evidence supports the finding, it must be upheld. 
Southern States Transp., Inc. v. State, 774 S.W.2d 639, 640 (Tex. 1989); In re King's Estate, 244
S.W.2d 660, 661 (Tex. 1951). To review a factual sufficiency challenge, we consider all the
evidence and will set aside the finding only if the evidence supporting it is so weak, or the
evidence to the contrary so overwhelming, as to make it clearly wrong and unjust. Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986); West v. Watkins, 594 S.W.2d 800, 802 (Tex. Civ. App.--San
Antonio 1980, writ ref'd n.r.e.).



The Lien on the Homestead


 The homestead of a single adult or family is protected from forced sale for the
payment of a debt unless the debt is for purchase money on the homestead, for work and materials
used to construct improvements on the homestead property, or for unpaid taxes. Tex. Const. art.
XVI, Sec. 50; Laster v. First Huntsville Properties Co., 826 S.W.2d 125, 129 (Tex. 1991). Any
attempt to mortgage homestead property, except as approved by the Texas Constitution, is void. 
Laster, 826 S.W.2d at 129; Anglin v. Cisco Mortgage Loan Co., 141 S.W.2d 935, 937
(Tex.1940); Toler v. Fertitta, 67 S.W.2d 229, 230-31 (Tex. Comm'n App. 1934, judgm't
adopted). A mortgage or lien that is void because it was illegally levied against homestead
property can never have any effect, even after the property is no longer impressed with the
homestead character. See Laster, 826 S.W.2d at 129; Toler, 67 S.W.2d at 230-31. To fix a
mechanic's lien on a homestead, the contract must be signed before work begins or materials are
delivered. Tex. Prop. Code Ann. § 53.059(b) (West 1995); see Zeller v. University Savs. Ass'n,
580 S.W.2d 658, 661 (Tex. Civ. App.--Houston [14th Dist.] 1979, no writ).

 There is little evidence in the record before us. Mr. Espinoza testified work began
before the contract was signed. Mundaca relies on the language in the contract for the mechanic's
lien that states that work had not yet begun. (3) We note that the statement referred to is one of five
paragraphs of fine print. The jury is the exclusive judge of the facts proved, the credibility of the
witnesses, and the weight to be given their testimony. Benoit v. Wilson, 239 S.W.2d 792, 796
(Tex. 1951). The jury weighed the evidence and resolved the conflict in the Espinozas' favor.



D'Oench Duhme

 Mundaca argues that even if the lien were void, the D'Oench Duhme doctrine
prevents the Espinozas from asserting the defense against Mundaca. The D'Oench Duhme
doctrine prevents the assertion of an oral side agreement, not disclosed by the loan files, as a
defense to collection on a note. D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447, 461-62 (1942). 
The holding in D'Oench Duhme was codified in 12 U.S.C. § 1823(e) (1989). Commonwealth
Land Title Ins. Co. v. Nelson, 889 S.W.2d 312, 313 (Tex. App.--Houston [14th Dist.] 1994). 
Since its inception, the courts have expanded the doctrine beyond the context of an oral secret
agreement. Nelson, 889 S.W.2d at 312.

 Nevertheless, the doctrine does not bar real, as opposed to personal, defenses. 
Campbell Leasing, Inc. v. FDIC, 901 F.2d 1244, 1248-49 (5th Cir. 1990); Nelson, 889 S.W.2d
at 320-321. The classification of a defense as real or personal is determined by state law. 
Campbell, 901 F.2d at 1249. In Texas, illegality is a real defense because it renders the
obligation a nullity. Tex. Bus. & Com. Code § 3.305(a)(1)(B, (b) (West Supp. 1996). If an
instrument is wholly void there was never any right or title in the federal agency or its successor. 
See Langley v. FDIC, 484 U.S. 86, 93-4 (1987).

 Therefore, D'Oench Duhme does not bar the Espinozas' defense that the attempted
lien was void ab initio because it did not comply with Texas law. We overrule points seven and
eight in which Mundaca contends that it properly established the lien. Because the lien was void
from the outset, it follows there was no lien to own or on which to foreclose and Mundaca could
not base a claim for possession of the property or wrongful withholding of possession on
foreclosure of the lien. We overrule points three, four, five, six, nine, ten, eleven and twelve.

 However, that Mundaca did not have a valid lien does not mean that the Espinozas
automatically prevail on their counterclaim for unfair debt collection practices. Mundaca may still
have been owed money it was entitled to collect. We therefore address the points concerning the
Espinozas' counterclaim for unfair debt collection practices.



Debt Collection Practices


 Mundaca claims it did not engage in unfair debt collection practices. The main
thrust of the Espinozas' complaint was Mundaca's direct contact with the Espinozas at a time
when it knew or should have known that they were represented by counsel. Mundaca's only
argument in its brief is that the letters sent to the Espinozas were a necessary part of the
foreclosure process. However, Mundaca does not address a letter sent directly to the Espinozas
in September 1994. This letter, as well as the others, was sent on letterhead stationery from a law
firm. This letter was signed by an attorney, with a signature line saying "attorney at law." This
letter was sent after the unsuccessful justice court proceedings at a time when Mundaca should
have known the Espinozas were represented by counsel. No copy was sent to the Espinozas'
counsel. The letter does not acknowledge the unsuccessful actions but reiterates Mundaca's
demand that the Espinozas surrender possession of the property. We overrule points of error one,
two, fifteen and sixteen that Mundaca did not engage in unfair debt collection practices such that
the Espinozas were entitled to damages.

 Mundaca has provided no argument or authorities on its points that its acts were
not proximate or producing causes of the Espinozas' damages and that the Espinozas were not
entitled to attorney's fees. An argument in support of a point of error is required to include a
discussion of the facts and authorities relied upon as necessary to maintain the point at issue. Tex.
R. App. P. 74(f). Failure to brief a point of error waives appellate review of that point. La Sara
Grain Co. v. First Nat'l Bank of Mercedes, 673 S.W.2d 558, 568 (Tex. 1984); Jones v. Texas
Pac. Indem. Co., 853 S.W.2d 791, 796 (Tex. App.--Dallas 1993, no writ). We overrule points
of error seventeen, eighteen, nineteen, twenty, twenty-one and twenty-two.

 Having overruled all of appellant's points of error, we affirm the trial-court
judgment.




Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: November 20, 1996

Do Not Publish

1.   Appellant's brief lists twenty-two points of error. The points of error are never re-stated and grouped in the body of the brief with the relevant facts and authorities
pertinent to that point or group of points. Tex. R. App. P. 74(f). Appellee has responded
in a similar fashion. We have matched points of error and argument as best we can.
2.   The Espinozas testified to some confusion about the proper recipient of the
payments. The mechanic's lien contract states that the contract was between the
Espinozas and First Federal Savings of San Marcos. The first letter from Mundaca to the
Espinozas referred to a loan from First Federal Savings of New Braunfels.
3.   Although there are cases finding the homestead owner estopped from raising the
time of commencement of construction as a defense when such a recitation exists, Zeller,
580 S.W.2d at 661, Mundaca did not plead the affirmative defense of estoppel. See Tex. R.
Civ. P. 94. There was no jury issue submitted on estoppel and nothing in the record shows
that Mundaca requested estoppel as an issue.