

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00104-CV

KENNETH P. GROSS AND BETSY
L. GROSS

APPELLANTS

V.

FIRST TEXOMA NATIONAL BANK

APPELLEE

----------

## FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

Appellants Kenneth P. Gross and Betsy L. Gross appeal the trial court's order granting summary judgment in favor of First Texoma National Bank (Texoma).  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

On May 23, 2007, Kenneth P. Gross and Betsy L. Gross executed a promissory note for $600,000 payable to Texoma and a deed of trust for the property to secure the debt. On November 22, 2008, Texoma sent the Grosses a "Change in Terms Agreement," which modified the note's maturity date, the payment terms, and the interest rate. Texoma sent a second change agreement in February 2009, which changed the maturity date and the payment terms. At some point in 2009, the Grosses notified Texoma of a change of their address.

The Grosses defaulted on the loan, and Texoma foreclosed on the property. In June 2011, Texoma sent the Grosses a letter stating that the Grosses owed $52,978.31 under the note, plus post-maturity interest. After the Grosses failed to make payment, Texoma sued them for a deficiency judgment. Texoma then moved for summary judgment. The Grosses responded, claiming that there were genuine issues of material fact regarding the validity of the Trustee's Deed, whether Texoma provided proper notice, and the value of the property at the time of the foreclosure. The Grosses claim that they never received notice of Texoma's intent to foreclose or of the foreclosure sale because the notices were sent to the Grosses' old address. The trial court granted summary judgment in favor of Texoma for the principal balance due of $52,978.31, $3,108.28 in past interest due, post-judgment interest, and attorney's fees. The Grosses then filed this appeal.

**Standard of Review**

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

**Discussion**

In their sole issue on appeal, the Grosses argue that summary judgment was improper because Texoma did not provide them with proper notice of its intent to accelerate their loan. The right to notice of intent to accelerate and a notice of acceleration are separate rights. *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 894 (Tex. 1991). Both of those notices are also distinct from a notice of foreclosure. The Grosses' issue on appeal lacks much needed clarity because they seem to apply these terms interchangeably and it is difficult to discern which arguments they make regarding which type of notice. To further complicate matters, the notice of acceleration and the notice of foreclosure in this

3

case were combined into one document titled "Notice of Acceleration and Foreclosure." Texoma argues that in the trial court, the Grosses only complained that they did not receive notice of Texoma's intent to foreclose, and thus, the Grosses waived any complaint regarding notice of intent to accelerate and notice of foreclosure.

In response to Texoma's motion for summary judgment, the Grosses complained that they "never received notice of [Texoma's] intent to foreclose and foreclosure sale." In their motion for new trial, they again complained that Texoma had sent "all notices of the foreclosure sale to an old address." However, in their response to the motion for summary judgment, in a paragraph regarding the sale price of the house at the foreclosure sale, the Grosses also argued that notice of intent to accelerate "was not given in accordance with applicable law and according to the terms of the Note and Deed of Trust." On appeal, they explain that the notices they received were deficient because they were not postmarked and were mailed to the wrong address. Although the Grosses did not clearly or artfully raise the issue of the notice of intent to accelerate to the trial court, we will address the Grosses' arguments regarding all three notices.

Proper notice is served when a letter is sent by certified mail to a debtor who is obligated to pay. Tex. Prop. Code Ann. § 51.002(b)(3) (West Supp. 2012); *see Stanley v. CitiFinancial Mortg. Co., Inc.*, 121 S.W.3d 811, 817 (Tex. App.—Beaumont 2003, pet. denied); *Lambert v. First Nat'l Bank of Bowie*, 993

4

S.W.2d 833, 835 (Tex. App.—Fort Worth 1999, pet. denied). Service of notice by certified mail is complete when the notice is deposited in the United States mail and addressed to the debtor at the debtor's last known address. Tex. Prop. Code Ann. § 51.002(e); *see Stanley*, 121 S.W.3d at 817; *Lambert*, 993 S.W.2d at 835. A party who accomplishes service under this rule establishes a rebuttable presumption of service. *See Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (quoting *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987)).

Here, Texoma sent notice of acceleration and the foreclosure sale by certified mail with return receipts, which Kenneth Gross signed. The return receipts are sufficient proof that the Grosses received actual notice of the acceleration and foreclosure. Contrary to the Grosses' proposition, nothing in the property code requires the receipts to bear a postmark. *See* Tex. Prop. Code Ann. § 51.002. That the receipts do not bear a postmark is relevant as to whether a presumption of service existed. Because the Grosses received actual notice, no presumption was necessary. *See Ne. Tex. Staffing v. Ray*, 330 S.W.3d 1, 4 (Tex. App.—Texarkana 2010, no pet.) (noting that when attempted service achieves actual timely delivery to the proper party in a manner that accomplishes the objective of the rule, and no harm is shown, courts have found adequate service) (quoting *Spiegel v. Strother*, 262 S.W.3d 481, 483–84 (Tex. App.—Beaumont 2008, no pet.)); *Goforth v. Bradshaw*, 296 S.W.3d 849, 854 (Tex. App.—Texarkana 2009, no pet.) ("The rule's purpose is to achieve actual notice."); *Childers v. Childers*, No. 14-03-01266-CV, 2004 WL 3557381, at *1 n.3

5

(Tex. App.—Houston [14th Dist.] 2004, no pet.) (mem. op.) (noting that the court "ha[d] no need" for a presumption of service because there was actual proof of service).  The address to which Texoma mailed the notice is also irrelevant to our analysis, even though it was not the address listed on the deed of trust, because the record conclusively establishes that the Grosses received actual notice at the address to which Texoma mailed the notices.  *See Goforth*, 296 S.W.3d at 854.  For these reasons, we hold that it is unnecessary to determine if Texoma met its burden to prove a rebuttable presumption of service because the Grosses received actual notice.[2]

As to the notice of intent to accelerate, the Grosses argue that the notice was not sent according to the terms of the deed of trust.  The deed of trust states,

> Any notice required to be given under this Deed of Trust, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective . . . if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust.

The Grosses argue that the notices they received were sent to a different address than the one on the deed of trust.  The paragraph cited above, however, expressly applies only to notices required to be given.  The promissory note

---

[2]The Grosses' reliance on *Zeller v. Univ. Sav. Assoc.*, 580 S.W.2d 658 (Tex. Civ. App.—Houston [14th Dist.] 1979, no writ), is misplaced.  The Grosses claim that the certified mail receipt in *Zeller* was not postmarked.  However, *Zeller* clearly states that the receipt "reflect[ed] the date of delivery and postmark."  *Id.* at 660.

contains the following waiver: "I and any other person who signs, guarantees[,] or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, notice of dishonor, notice of intent to accelerate the maturity of this note, and notice of acceleration on the maturity of the Note." The two subsequent change-in-terms agreements contain almost identical provisions. Such clear and unequivocal language is effective to waive the right to notice of intent to accelerate. *See Shumway*, 801 S.W.2d at 892. Because the Grosses waived their right of notice of intent to accelerate, such notice was not required under the deed of trust. Accordingly, we overrule the Grosses' issue.

## Conclusion

Having overruled the Grosses' sole issue on appeal, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, GARDNER, and GABRIEL, JJ.

DELIVERED: July 11, 2013