Mary OWENS, Appellant,

v.

J. Hayward GRIMES et ux., Appellees.

No. 929.

Court of Civil Appeals of Texas, Tyler.

July 15, 1976.

Rehearing Denied Aug. 26, 1976.

William D. Lawrence, Jr., Lawrence & Lawrence, Tyler, for appellant.

Henry T. Skelton, Kugle, Douglas & Skelton, Athens, for appellees.

MOORE, Justice.

Appellees-plaintiffs, J. Hayward Grimes and wife, Jennifer Grimes, brought suit against appellant-defendant, Mary A. Owens, for wrongful foreclosure of a deed of trust. Appellees alleged that on November 29, 1973, they purchased a tract of land from appellant for the total consideration of $111,000.00 paying the sum of $23,000 down and executing a promissory note secured by a deed of trust for the balance in the amount of $88,000, payable in annual installments of $4,400, the first of which was due on November 29, 1974. Appellees alleged in their petition that appellant wrongfully foreclosed the deed of trust without just cause and prayed for a judgment setting aside the trustee's deed, and in the alternative sought to recover damages for wrongful foreclosure. Appellant denied generally the allegations of the petition and by way of a cross-action sought a judicial foreclosure of her vendor's lien alleging that after the foreclosure of the trustee's deed appellees became delinquent in the payments due on the note. She prayed that in the event the court found the trustee's sale to be void that she have judgment for a judicial foreclosure of the vendor's lien. After a trial before the court, sitting without the aid of a jury, the trial court, upon finding that foreclosure of the deed of trust was wrongful, awarded appellees damages in the amount of $29,600 and refused to grant appellant any relief on her cross-action. Appellant duly perfected this appeal.

We affirm.

Before discussing the appellant's points of error, we will undertake to summarize the material findings of fact filed by the trial court. The court found (1) that appellant Mary Owens was the owner and holder of a deed of trust dated November 29, 1973, executed by appellees, securing a vendor's lien note given as a part of the purchase price of the property in question; (2) that the first installment on the note was due and payable on November 29, 1974; (3) that on August 12, 1974, appellant instructed the trustee, William D. Lawrence, Jr., to post notice of sale; (4) that on September 3, 1974, the property in question was sold at the trustee's sale to appellant, Mary A. Owens, for a consideration of $88,000; (5) that the foreclosure and trustee's sale was affected pursuant to paragraph 5(e) providing that the mortgagors would keep the improvements in good repair and would not remove same or any part thereof and paragraph 5(g) providing that the mortgagors would not allow any liens to be affixed against the property of any character whatsoever; (6) on the dates of the foreclosure and trustee's sale mentioned above, plaintiffs were not in default in payment of money due and owing under the promissory note secured by the deed of trust and security agreement mentioned above; (7) that on the dates of posting notice and of trustee's sale, the only ground relied on by defendant, Mary Owens, to show a violation of Paragraph 5(e) of the deed of trust was that plaintiffs had dismantled one or more of the chicken laying sheds located on the premises; (8) that on the dates of posting notices and of trustee's sale, the only grounds relied upon by defendant, Mary Owens, to show violations of Paragraph 5(g) of the deed of trust were that plaintiffs had given a second lien on the premises to Miracle Building Materials of Dallas to secure payment for aluminum siding, and that plaintiffs had given a second lien on the premises to Citizens First State Bank of Malakoff, Texas, to secure payment for a kitchen stove and carpeting; (9) that defendant, Mary Owens, gave permission to plaintiffs, at or about the time plaintiffs took possession, to dismantle and remodel the chicken laying sheds in question, and that plaintiffs reasonably relied on that permission. Defendant, Mary Owens, had knowledge that plaintiffs relied on the permission given; (10) that defendant gave her permission to plaintiffs to create the indebtedness and lien to Miracle Building Materials of Dallas, Texas, for aluminum siding,

and that plaintiffs reasonably relied on that permission to the knowledge of defendant, Mary Owens. The court finds that the defendant received a commission from Miracle Building Materials of Dallas, Texas, for aiding Miracle Building Materials in selling the aluminum siding to plaintiffs; (11) that during the tenure of plaintiffs on the premises, plaintiffs removed the carpet and stove from the kitchen and replaced these items with new carpets and a new stove. The court finds that defendant gave plaintiffs her permission for the old carpet and stove to be removed, and for a lien to be created in favor of Citizens First State Bank, Malakoff, Texas. The court finds that plaintiffs reasonably relied on that permission and that defendant knew that plaintiffs were relying on the permission given; (12) that plaintiffs erected a metal barn on the premises after obtaining permission from defendant, and that plaintiffs reasonably relied on the permission of defendant in erecting the metal building. Defendant knew that plaintiffs were relying on her permission; (13) that defendant, by a course of action leading up to the foreclosure and trustee's sale, forced plaintiffs to vacate and relinquish possession of the real estate in question; and (14) that appellees made valuable improvements on the property costing them the sum of $10,400. In its conclusions of law the trial court found (1) that defendant caused notice of the trustee's sale to be posted on August 12, 1974, with the intent to injure and defraud plaintiffs; (2) that at the time of the sale of the described property in 1973, defendant had existing intentions to effect a foreclosure sale upon the grounds alleged in order to defraud plaintiffs of their money and property; (3) that on the dates of posting of notice of foreclosure and on the date of the trustee's sale that defendant had no legal grounds to foreclose or to effect a trustee's sale; (4) that defendant acted in bad faith in causing posting of notices of foreclosure and in causing the property to be sold at a trustee's sale; (5) that to allow the defendant to reap the benefits of the labor and money which plaintiffs put into the property in question during their tenure would be inequitable and not in good conscience, and to allow defendant, Mary Owens, to be unjustly enriched at the expense of plaintiffs; and (6) that plaintiffs reasonably relied to their detriment upon promises made to them by defendant and have suffered out-of-pocket loss; and that defendant knew that plaintiffs were relying on her promises.

By her first point appellant takes the position that since the trial court found appellant had no legal grounds for foreclosure, the trustee's deed was void and a nullity and passed no title. Therefore appellant argues that the foreclosure did not constitute an invasion of any of appellees' rights. Consequently, appellant reasons that appellees suffered no injury and therefore were not entitled to damages. We cannot agree with this position.

In this jurisdiction a deed of trust is used in lieu of a mortgage to secure a debt created in the transfer of real property. *Lucky Homes, Inc. v. Tarrant Savings Ass'n,* 379 S.W.2d 386 (Tex.Civ.App., Fort Worth 1964), reversed on other grounds, 390 S.W.2d 473 (Tex.1965). The party for whose benefit the deed of trust is given is sometimes referred to as a trust deed mortgagee.

Since appellant has no point of error challenging any of the trial court's findings of fact, the issue raised by this point is limited to the question of whether a mortgagee who wrongfully forecloses and takes possession of the property covered by a deed of trust may be held liable for damages.

It is generally held that where an illegal or wrongful sale of the property is made under a power of sale contained in a mortgage or deed of trust, the mortgagee or trust deed mortgagee will be held liable to the mortgagor for the damages sustained. 59 C.J.S. Mortgages § 603, p. 1068 (1949); *League City State Bank v. Mares,* 427 S.W.2d 336 (Tex.Civ.App., Houston [14th Dist.] 1968, writ. ref'd n. r. e.); *Black v. Burd,* 255 S.W.2d 553 (Tex.Civ.App., Fort Worth 1953, writ ref'd n. r. e.); *John Hancock Mutual Life Ins. Co v. Howard,* 85

S.W.2d 986 (Tex.Civ.App., Waco 1935, writ ref'd); *Rogers v. Barnes,* 169 Mass. 179, 47 N.E. 602, 38 A.L.R. 145. Recovery of damages is allowed on the theory that the wrong committed somewhat resembles that of a conversion of personal property. Conversion of personal property is a tort growing out of the unlawful interference of possession giving the owner a cause of action against the wrongdoer even though the title to the property did not pass. *John Hancock Mutual Life Ins. Co. v. Howard,* supra.

Appellant, for the purpose of escaping liability, cannot be heard to say that she has not done what she intended to do, and what, on the face of the record, she appears to have done. To say that the appellees suffered no injury would be to ignore the fact that appellant not only deprived them of their right of possession but also slandered their title and thereby deprived them of their right to sell the property and redeem their equity therein. Under the state of the record and the unchallenged findings of fact, we hold that the trial court did not err in awarding appellees damages for the wrongful foreclosure.

By her second and final point, appellant argues that under the court's findings the non-judicial foreclosure, as well as the trustee's deed, was absolutely void and conveyed no title to her. Based on this premise she contends that the court erred in failing and refusing to order a judicial foreclosure in view of the undisputed proof showing appellees were in default on the payments on the note. We are not in accord with this proposition.

By her cross-action appellant sought a judicial foreclosure only in the event the prior non-judicial foreclosure was set aside. The judgment rendered by the trial court did not set aside the trustee's deed under which appellant holds title. The judgment was only for damages for wrongful foreclosure. While the trial court's findings of fact would no doubt have formed a sufficient basis for a judgment setting aside the prior foreclosure and trustee's deed, the court did not set it aside for the simple reason that appellees abandoned their equitable claim for cancellation and elected to pursue their legal action for damages. Consequently, the trustee's deed to appellant continues to stand as a muniment of title. Appellees, having elected to let the sale stand and recover at law for damages, are forever barred from attacking the trustee's deed. *Peterson v. Kansas City Life Ins. Co.,* 339 Mo. 700, 98 S.W.2d 770, 775 (1936), 108 A.L.R. 583. The regularity of the exercise of the power of sale may be disputed only by the mortgagor or his privies insofar as the inquiring relates to the divesting of the mortgagor's title and the investing of the title in the purchaser. 39 Tex.Jur.2d Mortgages and Trust Deeds, sec. 157, p. 217; *Estelle v. Hart,* 55 S.W.2d 510 (Tex.Com.App.1932, jdgmt. adopted). Since the only parties having a right to repudiate the sale elected to let the sale stand, appellant will be held to have acquired title by virtue of the trustee's deed. It follows that appellant was not entitled to a judicial sale.

The judgment of the trial court is affirmed.