C.D. PETERSON, Appellant,

v.

Robert E. BLACK, Appellee.

No. 04–97–00958–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 30, 1998.

**820**

Patrick M. Dooley, Dooley & Hoerster, L.L.P., Fredericksburg, Wm. Michael Childers, Kerrville, for Appellant.

Richard D. Worsham, The PNL Companies, Fort Worth, Robert L. Kelly, Law Office of Robert Kelly, Kerrville, Lewin Plunkett, Cathy J. Sheehan, Plunkett & Gibson, Inc., San Antonio, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and GREEN, JJ.

## OPINION

HARDBERGER, Chief Justice.

Appellant, C.D. Peterson ("Peterson"), sued appellee, Robert E. Black ("Black"), alleging that Black breached his duty to conduct a fair sale and acted negligently in his role as trustee. Black served as substitute trustee at a foreclosure sale involving property pledged by Peterson to secure certain indebtedness to PNL Asset Management, L.L.C.[1] Peterson appeals the summary judgment granted in favor of Black.

1. Peterson settled his claims with PNL before

FACTUAL AND PROCEDURAL HISTORY

Peterson was the maker of a note secured by certain real property in Kerr County, Texas. PNL acquired the note from the Federal Deposit Insurance Company on or about August 1986. On or about September 10, 1996, Peterson received a demand letter from Black, an attorney retained by PNL, for amounts due and owing on the note. Peterson admitted that he was in default and that PNL had the right to foreclose on the real property in accordance with the terms of the deed of trust. Black was appointed as substitute trustee for this purpose.

On October 7, 1996, Black gave notice of a substitute trustee's sale to be held November 5, 1996. On November 5, 1996, Black conducted the foreclosure sale and bid on behalf of PNL. PNL's bid was the highest bid Black received.

Peterson filed suit against PNL and Black, alleging that he had a prospective purchaser for the property who was ready, willing and able to purchase the property at a price in excess of the amount bid by PNL. Peterson further alleged that he had an agreement with the prospective purchaser that would allow Peterson to manage a business enterprise on the property. Peterson asserted that Black prevented the potential purchaser with whom Peterson had the agreement and seven other prospective purchasers from bidding. Specifically, Peterson contended that Black did not: "(1) seek out the attorney for the Plaintiff who stated that he would attend; (2) seek out other potential bidders; (3) attempt to solicit bids from the persons present; (4) make known to the bidders who he was and in what capacity he was acting; (5) register any bidders or witnesses; [or] (6) conduct a Public Auction in accordance with the Notice of Sale." Peterson alleged that these actions were negligent and a breach of Black's duty to conduct a fair sale.

Black filed a motion for summary judgment on two grounds. First, Black asserted that PNL exercised its right to set aside the foreclosure sale as not complete at a time

PNL's motion for summary judgment was heard.

when the trustee's deeds had not been filed of record. Second, Black asserted that there was no interference with Peterson's possession; therefore, Peterson was not damaged as a matter of law.

Attached to the summary judgment motion were the deeds of trust, Black's affidavit and the affidavit of John Gilbert, PNL's manager at the time of the foreclosure. Gilbert stated that PNL "has exercised and does hereby exercise its right and sole discretion to determine that the foreclosure sale was not complete, and does set aside that foreclosure" in accordance with section 3.07 of the deeds of trust. Gilbert also stated that PNL had not taken any action to interfere with the peaceful possession of the premises by Peterson's tenants and had not interfered with the flow of rents from Peterson's tenants to Peterson. Black stated that he did not file the substitute trustee's deeds in the real property records reflecting the foreclosure sale.

Peterson responded to the summary judgment motion and attached deposition excerpts from Gilbert and Black in which they admit the foreclosure sale was factually complete. Gilbert testified that Black had conducted a valid foreclosure sale at which the real property was sold to PNL. In response to questions regarding the ownership of the property, Gilbert responded that the Substitute Trustee's Deeds had not been filed. Black testified that he conducted a valid foreclosure sale in accordance with the terms of the deed of trust and the Texas statutes regarding foreclosure, and he sold the property to PNL. Although Black stated that he had prepared the deeds, the deeds were not delivered to PNL until a few days before Black's deposition was taken on January 20, 1997. The deeds were dated November 5, 1996, but notarized on January 15, 1997. Black further testified that he subsequently spoke to some people about the property and their interest in purchasing a portion of the property. Black stated that he presumed PNL was the owner but did not express an opinion on the issue.

The trial court granted Black's motion, and Peterson appeals the summary judgment.

## STANDARD OF REVIEW

The movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In determining whether a material fact issue exists to preclude summary judgment, evidence favoring the non-movant is taken as true, and all reasonable inferences are indulged in favor of the non-movant. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d at 548–49. Any doubt is resolved in favor of the non-movant. *Id.*

In this case, the trial court granted a general summary judgment. Therefore, we must consider whether any theory asserted in Black's motion supports the summary judgment. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993). We will affirm the summary judgment if any theory is meritorious. *Id.*

## DISCUSSION

Peterson contends that summary judgment was improper because a genuine issue of material fact existed as to whether Peterson was entitled to recover consequential damages based on Black's failure to act with absolute impartiality and fairness to all concerned. Black acknowledges that he had a duty to act with absolute impartiality and fairness; however Black asserts that this duty does not require a substitute trustee to take affirmative action beyond any contractual or legal requirements to ensure a fair sale. Black further asserts that the proper measure of damages in "chilled bidding" cases is the difference between the value of property on the date of foreclosure and the remaining balance due on the indebtedness. Therefore, Peterson would not be entitled to recover any consequential damages resulting from his lost business opportunity. Finally, Black claims that Peterson was not entitled to damages because there was no unlawful interference with his possession of the land. Black asserts that when PNL set aside the sale as incomplete, Peterson's title was restored, and

he was fully compensated for any injuries he sustained.

▮ A trustee exercising the authority to foreclose in accordance with the terms of a deed of trust does not act merely as an agent or employee of the lienholder but has a separate capacity with a particular legal responsibility. *Hammonds v. Holmes,* 559 S.W.2d 345, 347 (Tex.1977). The trustee becomes a special agent for both the debtor and the lienholder and must act with absolute impartiality and fairness in conducting a foreclosure. *Id.; Bonilla v. Roberson,* 918 S.W.2d 17, 21 (Tex.App.—Corpus Christi 1996, no writ). Similar to the duties of a mortgagee, the trustee must conduct a foreclosure sale fairly and not discourage bidding by acts or statements made before or during the sale. *See Pentad Joint Venture v. First Nat'l Bank of La Grange,* 797 S.W.2d 92, 96 (Tex. App.—Austin 1990, writ denied); *Biddle v. National Old Line Ins. Co.,* 513 S.W.2d 135, 138 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.). However, the trustee has no duty to take affirmative actions beyond that required by statute or the deed of trust to ensure a fair sale. *See First State Bank v. Keilman,* 851 S.W.2d 914, 924 (Tex.App.—Austin 1993, writ denied); *Pentad Joint Venture,* 797 S.W.2d at 96. A trustee's duties are fulfilled by complying with the deed of trust. *First State Bank v. Keilman,* 851 S.W.2d at 925.

▮ The first theory asserted in Black's motion for summary judgment was that Peterson suffered no damages as a matter of law because the foreclosure sale was not complete and was set aside by PNL in accordance with paragraph 3.07 of the deed of trust. Paragraph 3.07 provides:

> [I]f any sale hereunder is not completed or is defective in the opinion of the beneficiary, such sale shall not exhaust the power of sale hereunder and beneficiary shall have the right to have a subsequent sale or sales to be made by the trustee or by any other successor or substitute trustee.

Black contends the sale was not complete because the trustee's deeds were not recorded.

Peterson relies on the holding in *Bonilla v. Roberson,* to support his position that Black and PNL could not conspire to invalidate the foreclosure sale after it was complete. 918 S.W.2d at 22. However, Black's contention is that the sale was never complete because the trustee's deeds were not recorded. Accordingly, the holding in *Bonilla,* which precludes certain actions by a trustee subsequent to a completed sale, would not be applicable if Black's contention that the sale was not complete is correct. Therefore, we must examine whether the failure to record the trustee's deeds caused the sale to be incomplete.

▮ A sale in accordance with the law and the provisions of a deed of trust transfers equitable title to the purchaser in the absence of a deed. *Pioneer Building & Loan Ass'n v. Cowan,* 123 S.W.2d 726, 730 (Tex.Civ.App.—Waco 1938, writ dism'd judgm't cor.). Furthermore, the failure to record a written deed does not divest the purchaser of title. *Simonds v. Stanolind Oil & Gas Co.,* 134 Tex. 332, 114 S.W.2d 226, 235 (1938); *Clarkson v. Ruiz,* 140 S.W.2d 206, 208 (Tex.Civ.App.—San Antonio 1940, writ dism'd judgm't cor.). We conclude that the sale was complete when the foreclosure was conducted in accordance with the law and the provisions of the deeds of trust and Black accepted PNL's bid. Therefore, the first theory asserted in Black's motion, that Peterson was not damaged because the sale was incomplete, does not support the trial court's judgment.[2]

▮ The second theory asserted in Black's motion for summary judgment was that Peterson was not damaged as a matter of law by the actions taken relating to the foreclosure, completed or not. Since the trial court granted a general summary judgment, we turn our attention to this second theory.

**2.** We note that the Deeds of Trust appear to permit PNL to set aside a completed sale if such sale is defective. Since Black did not assert this contractual authority as a ground for summary judgment, however, the effect of this provision of the Deeds of Trust on a completed sale is not before us.

██ In an action for wrongful foreclosure, a mortgagor may elect to recover damages equal to the difference between the value of the property at foreclosure and the remaining balance due on the outstanding debt. *Farrell v. Hunt*, 714 S.W.2d 298, 298 (Tex.1986). If the value of the property is less than the debt, the mortgagor is entitled to a credit against the debt equal to the value of the property, rather than a credit equal to the amount paid at foreclosure. *Tarrant Savings Ass'n v. Lucky Homes, Inc.*, 390 S.W.2d 473, 475 (Tex.1965). However, the mortgagor is only entitled to such recovery if (1) title to the property has passed to a third party; or (2) the property has been appropriated to the use and benefit of the mortgagee. *Id.; Pentad Joint Venture*, 797 S.W.2d at 96; *John Hancock Mut. Life Ins. Co. v. Howard*, 85 S.W.2d 986, 988 (Tex.Civ.App.—Waco 1935, writ ref'd). Recovery is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property. *John Hancock Mut. Life Ins. Co. v. Howard*, 85 S.W.2d at 988. Where the mortgagor's possession is undisturbed, he has suffered no compensable damage.[3] *See id.* at 988–89.

Gilbert stated in his summary judgment affidavit that PNL did not interfere with the peaceful possession of the premises by Peterson's tenants or the flow of rent from the tenants to Peterson. Peterson produced no summary judgment evidence that his possession had been disturbed. Black should not be liable for damages absent such interference for the same reason PNL could not be liable for such damages; i.e., Peterson suffered no compensable injury.

██ Peterson seeks to distinguish the holding in *John Hancock Mut. Life Ins. Co. v. Howard*, asserting that he is seeking to recover damages resulting from his lost business opportunity rather than damages for the wrongful foreclosure. Peterson alleges in his petition that he had an arrangement with a prospective purchaser whereby "the purchaser, as the owner of the property, and [Peterson], as a manager would engage in a profitable business enterprise on the properties." Peterson seeks to recover damages for the loss of his opportunity to manage the business enterprise.

In *Diversified, Inc. v. Walker*, a purchaser of property at a foreclosure sale sought to recover damages for loss of the benefit of the bargain after the foreclosure was set aside. 702 S.W.2d 717, 719 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). The purchaser asserted that it was entitled to recover damages in the nature of lost profits from the lienholder, who had conducted a void foreclosure, upon various theories, including negligence, fraud, and breach of warranty of title. *Id.* at 722. The court held that the law imposed no duty on the lienholder that would support an action based on negligence. *Id.* at 723. The court further held that there was no precedent in the law that would support any theory of warranty on the part of the lienholder. *Id.* at 723–24. The court concluded that a purchaser at a foreclosure sale bids "at his peril." *Id.* at 723. If the foreclosure sale is void, the purchaser is not entitled to recover damages for lost profits. *Id.* at 724.

Peterson seeks to recover damages for loss of opportunity that are similar to the damages that the purchaser sought to recover in *Diversified*. In Peterson's case, however, the damages are even one step further removed, because it was not the benefit of the bargain from the purchase that Peterson alleges was lost, but the benefit of doing business with the purchaser who allegedly was prevented from purchasing the property. There is no authority supporting this theory of recovery, and we hold that Peterson was not entitled to recover such damages as a matter of law.

## CONCLUSION

The foreclosure sale conducted by Black for the benefit of PNL was complete when the foreclosure was conducted in accordance

---

3. The holding in *Owens v. Grimes*, 539 S.W.2d 387 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.), which is cited in Peterson's brief, does not support a contrary legal principle. In *Owens*, the trial court found that the plaintiffs were forced to vacate the premises and relinquish possession following the foreclosure. *Id.* at 389.

with the law and the provisions of the deeds of trust and Black accepted PNL's bid. However, since Peterson's possession of the property was undisturbed, he suffered no compensable injury. Peterson is not entitled to recover damages for the loss of the opportunity to do business with a potential purchaser at the foreclosure sale as a matter of law. The judgment of the trial court is affirmed.