# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00768-CV

**Tony Davis, Appellant**

v.

**Deutsche Bank National Trust; Morgan Stanley Mortgage Capital 1, Inc.;
Saxon Mortgage, Inc.; Mortgage Electronic Registration Systems, Inc.;
John Cottrell; and Locke Lord LLP, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-GN-12-001929, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Tony Davis appeals from a summary judgment in his suit alleging wrongful foreclosure and other claims against Deutsche Bank National Trust, Morgan Stanley Mortgage Capital 1, Inc., Saxon Mortgage, Inc., Mortgage Electronic Registration Systems, Inc., John Cottrell, and Locke Lord LLP (collectively, the Defendants). We will affirm the district court's order.

## BACKGROUND

The Defendants' unchallenged summary-judgment evidence shows that in 2007, Tony Davis bought the real property at issue and signed a deed of trust and note in favor of First National Bank of Arizona in exchange for a mortgage loan of $512,050. The note and deed of trust identify First National Bank of Arizona as the "Lender." The deed of trust identifies Mortgage Electronic Registration Systems (MERS)—the nominee for the Lender and its successors and

assigns—as beneficiary.[1] The deed of trust specifies that MERS has the right to exercise any or all of the interests granted in the security instrument, including the right to foreclose and sell the property and to take any of the Lender's required actions. MERS (as nominee for the Lender) later assigned the note and security instrument to Bank of America, National Association and recorded the assignment in the real property records of Travis County.[2]

Davis became delinquent and in default on his mortgage in 2008. In 2009, the mortgage servicer of Davis's loan, Saxon Mortgage, Inc., referred his loan to counsel for foreclosure. A foreclosure sale was held in 2010 but rescinded because of Davis's intervening filing for Chapter 11 bankruptcy. In 2011, Davis sued the Defendants alleging wrongful foreclosure, fraud, civil conspiracy, and lack of due process, and seeking a "quiet title" declaration that he was the "true and valid owner" of the property at issue.

During discovery the Defendants sent requests for admission to Davis, but he did not respond to them until almost two months later. The Defendants subsequently filed a traditional and no-evidence motion for summary judgment, contending that Davis should take nothing on his claims against them. Davis filed a response relying on a report captioned as a "chain-of-title assessment"

---

[1] The MERS system is "an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans." *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, 659 F. Supp. 2d 1368, 1370 (J.P.M.L. 2009); *see Campbell v. Mortgage Elec. Registration Sys.*, No. 03-11-00429-CV, 2012 Tex. App. LEXIS 4030, at *13 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.).

[2] Bank of America is identified in the assignment as the successor by merger to LaSalle Bank National Association, as trustee for Morgan Stanley Mortgage Loan Trust 2007-13.

and perceived flaws in his warranty deed to argue that he does not own the property at issue.[3]

Davis did not object to any of the Defendants' summary-judgment evidence. After a hearing, the district court signed an order granting summary judgment in favor of the Defendants and severing Davis's claims against the remaining defendants in the suit. This appeal followed.

## DISCUSSION

Davis argues that for various reasons his loan and deed of trust were fraudulent and his warranty deed was void.[4] We construe these arguments, which do not specifically identify appellate issues, as raising an issue challenging the Defendants' entitlement to summary judgment on his claims.

The Defendants filed a traditional and no-evidence motion for summary judgment. The district court's order granted the motion without specifying the grounds for its ruling. We usually review a trial court's summary-judgment order under the no-evidence standard first and then proceed to review the traditional summary judgment. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d

---

[3] Davis filed an untimely affidavit for the chain-of-title report and continued filing documents after the summary-judgment order was signed. However, a trial court need only consider the record as it properly appears when the motion for summary judgment is heard. *WTFO, Inc. v. Braithwaite*, 899 S.W.2d 709, 721 (Tex. App.—Dallas 1995, no writ). A nonmovant must file and serve his response and opposing affidavits at least seven days before the summary-judgment hearing unless he obtains leave from the trial court to file it later. Tex. R. Civ. P. 166a(c). If the court allows late-filed evidence, it must affirmatively indicate in the record acceptance of the late filing. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996) (noting absence of any order in record showing court granted leave to file late affidavit). When, as here, there is no such indication, we must presume the trial court did not consider any untimely filed evidence in rendering summary judgment. *See INA v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985).

[4] The only authorities cited in Davis's brief were in his arguments as to MERS. However, we need not address such arguments because they were not presented to the district court and cannot provide a basis for reversal on appeal. *See* Tex. R. App. P. 33.1 (discussing preservation of error).

3

598, 600 (Tex. 2004); *see also* Tex. R. Civ. P. 166(a)(i). Here, we address the court's ruling on the traditional summary judgment first because it is dispositive. *See Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App.—Fort Worth 2010, pet. denied); *see also* Tex. R. App. P. 47.1 (requiring "written opinion that is as brief as practicable," addressing all issues that are raised and necessary to final disposition).

We review summary judgments de novo. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). To prevail on a motion for summary judgment, the moving party must show that there is no issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *see Mann Frankfort*, 289 S.W.3d at 848. We consider the summary-judgment evidence in the light most favorable to the non-prevailing party, crediting evidence favorable to that party if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *Mann Frankfort*, 289 S.W.3d at 848. A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014).

In their traditional motion for summary judgment, the Defendants argued that they conclusively negated at least one essential element of Davis's claims for wrongful foreclosure, lack of due process, fraud, civil conspiracy, and declaratory relief.[5] For the reasons that follow, we agree.

---

[5] In his petition, Davis requested a "quiet title" declaration that he is the "true and valid owner" of the property at issue. He apparently abandoned this request in his summary-judgment response by arguing, not in the alternative, that the property was never conveyed to him and he "does

**Wrongful foreclosure**

Recovery for wrongful foreclosure is based on disturbance of the mortgagor's possession of real property. *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.); *see Brooks v. Bank of N.Y. Mellon*, No. 4:12-CV-1463, 2014 U.S. Dist. LEXIS 44699, at *10-11 (S.D. Tex. Mar. 31, 2014). If the mortgagor's possession is undisturbed, he has no compensable damage. *Black*, 980 S.W.2d at 823; *see Brooks*, 2014 U.S. Dist. LEXIS 44699, at *10-11. Here, the Defendants' summary-judgment evidence includes an uncontested affidavit from an assistant vice president of Saxon Mortgage, Inc., stating that Saxon is the mortgage servicer of Davis's loan and that the foreclosure sale of the property at issue was rescinded. *See Bass v. Bass*, 790 S.W.2d 113, 117-18 (Tex. App.—Fort Worth 1990, no writ) (uncontested facts in movant's affidavit supporting summary judgment are accepted as true on appeal). Further, Davis judicially admitted in his pleadings that he lives on the property.[6] As the Defendants proved Davis had no compensable damage because he retained possession of the property, summary judgment on his wrongful-foreclosure claim was proper.

**Lack of due process**

The Defendants point out that Davis's claim for "lack of due process" alleges no constitutional basis nor does it implicate any state actor. Rather, Davis's petition alleges that "in order to obtain due process," his note and deed of trust should be returned to him. The Due Process

---

not own the property." In any event, the contention that Davis should be declared the owner of the property is not briefed on appeal, and we need not address it. *See* Tex. R. App. P. 38.1(i), 47.1.

[6] In an untimely response to a request for admission, Davis admitted he "currently live[s] at the Property." Davis's brief confirms that he "did not abandon the property."

5

Clause of the Fifth Amendment to the United States Constitution prohibits the government from depriving persons of "life, liberty, or property, without due process of law." U.S. Const. amend. V. Similarly, the Due Process Clause of the Fourteenth Amendment applies to state action. *See* U.S. Const. amend. XIV ("[N]or shall any State deprive any person of life, liberty, or property, without due process of law.").

Davis's petition affirmatively alleges that the Defendants are corporations, a privately held company, an individual corporate employee, and a law firm. They are not state actors or state entities. Davis did not present any evidence or argument to the contrary. Because the Defendants conclusively negated this essential element of Davis's due-process claim, summary judgment was proper. *See* U.S. Const. amends. V, XIV; *see also Williams v. Cheyenne Crossing Residential Ass'n, Inc.*, No. 4:10cv34, 2010 U.S. Dist. LEXIS 133769, at *9 (E.D. Tex. Dec. 17, 2010) (concluding summary judgment was proper as to due-process claim against defendant homeowners' association because it was not state actor).

**Fraud**

Davis's petition states, without any supporting facts, that he "alleges fraud against the Defendants," including "securities fraud, fraud in the inducement, appraisal fraud, and other material misrepresentations [made] in order to induce [Davis] to enter into a fraudulent mortgage." On appeal, Davis's briefing related to this claim consists of two sentences arguing that he

- was misled by defendants, believing he had entered into a mortgage and deed of trust with First National Bank of Arizona, and

6

- [t]he documents obtained from the Chain of Title Assessment establish . . . numerous instances of notary fraud . . . and other frauds and misrepresentations occurred related to the property.

Nowhere does Davis present any authorities, citations to the record, or any further argument to support his claim that these Defendants committed fraud by making misrepresentations that induced him to enter into a fraudulent mortgage. *See* Tex. R. App. P. 38.1(i). We therefore must conclude that this issue is waived as inadequately briefed. *See id*.

**Civil conspiracy**

To prevail on a civil conspiracy claim, a plaintiff must prove: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result. *Tri v. J.T.T.*, 162 S.W.3d 552, 556-57 (Tex. 2005). Although Davis's petition alleges that the Defendants made an agreement to perform a "sham foreclosure" that proximately caused him injury, the element of damages is lacking. As previously discussed, the Defendants proved that Davis retained possession of the property in question and thus that the rescinded foreclosure caused him no compensable damage. Because the Defendants proved the rescinded foreclosure caused Davis no compensable damage, an alleged agreement to perform that foreclosure cannot be the basis for an actionable civil conspiracy claim. *See id.* Accordingly, summary judgment on Davis's civil conspiracy claim was proper.

**CONCLUSION**

We overrule Davis's issue on appeal and affirm the district court's order.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Puryear and Pemberton

Affirmed

Filed:   April 30, 2015