**HIGHPOINT OF MONTGOMERY CORPORATION et al., Appellants,**

v.

**Peter R. VAIL et al., Appellees.**

**No. 01–81–0805–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 22, 1982.

Rehearing Denied Aug. 26, 1982.

G. William Rider, Galveston, for appellants.

Randall B. Wilhite, Houston, for appellees.

Before EVANS, C. J., and WARREN and BASS, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a judgment of the trial court, sitting without a jury, holding that appellees were not in default of their obligations on a promissory note. We affirm.

The principal questions are whether appellants waived strict compliance with the terms of the note and whether the court erred in admitting into evidence a summary of appellees' payments made on the note.

On July 14, 1969, Elizabeth Fling sold her home to appellees, who executed a promissory note and a deed of trust, securing payment of the note. The note required appellees to make an installment payment on or before the 14th day of each month, for 20 years. From July 14, 1969, until August 8, 1980, appellees made 132 payments; 120 of the payments were late. On August 8, 1980, Elizabeth Fling transferred the note and deed of trust to appellant Highpoint of Montgomery Corporation.

By letter dated August 19, 1980, Highpoint notified appellees of the transfer and requested that all monthly payments be made on time. Apparently unimpressed by the reminder, appellees continued to make each payment late. After a payment check "bounced" in November of 1980, Mrs. Grace Wilcox, one of the appellants herein and a director and shareholder of Highpoint, called Mrs. Vail and told her that if appellees couldn't be more regular in their payments, "something would have to be done about it." Despite this warning, appellees continued making every payment late and Highpoint continued accepting them.

Appellees failed to make the March 1981 payment and made the April payment 12 days late. Highpoint refused to accept the April payment, and by letter, the substitute trustee notified the appellees that their residence was to be posted for foreclosure and sale in June. Appellees immediately sent the missed March payment as well as payments for June and July. Highpoint returned these checks, as well as the one for the April payment and appellees placed them in the registry of the court.

Appellants urge that the trial court erred: (1) in holding that as of May 14, 1981, appellees were not in default on the note, (2) in failing to hold that Highpoint legally accelerated the note by letter of May 4, 1981, (3) in holding that no tender of the entire principal balance, attorney's fees or trustee's fees was required, and (4) in holding that strict compliance with the terms of the note had been waived.

In its judgment, the court found that appellees were not in default on the note as of May 14, 1981, and in a conclusion of law the court found that appellants, by their past conduct, waived strict compliance with the terms of the note. Both of these findings are supported by sufficient evidence.

It is undisputed that during the note's existence, the required installments were paid late over 90% of the time. After Mrs. Fling transferred the note to Highpoint, all of the installments were made late. Until April 26, 1981, no late payment was refused. Although on two occasions appellees were given notice that the payments should be timely made, they were never notified that further late payments would not be accepted, or that the note would be accelerated if future payments were not timely made.

Ordinarily, acceptance of past due installments on a note waives only the option to accelerate on the past defaults and does not waive the option to declare the balance due for future defaults. *Vaughan v. Crown Plumbing and Sewer Service*, 523 S.W.2d 72 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.) However, where the holder of the note has accepted late payments on numerous occasions in the past, he is precluded from accelerating the maturity of an installment note because of a single late payment unless he has, prior to the late payment for which default is claimed, notified the maker that in the future he will not accept late payments. *McGowan v. Pasol*, 605 S.W.2d 728 (Tex.Civ. App.—Corpus Christi 1980, no writ). Appellants argue that our case is distinguishable from those cases cited above and others

holding likewise, because the note signed by appellees expressly provided that "time is of the essence" and that the failure to exercise the option to declare the entirety of the note immediately due and payable "shall not constitute a waiver on the part of the holder of the right to exercise the same at any other time." In *Miers v. Clark,* 253 S.W.2d 941 (Tex.Civ.App.—Dallas 1952, no writ), the court held that such a clause would not dispense with the necessity of notice to the buyer of an intention to terminate a sales contract, and giving the buyer an opportunity to pay, where the buyer, by the conduct of the seller had been led to believe that strict forfeiture would not be insisted upon. Provisions in a business contract which specify or limit the time of performance, even where time is of the essence of the contract, may be waived. *Laredo Hides Co., Inc. v. H&H Meat Products Co., Inc.,* 513 S.W.2d 210 (Tex.Civ.App. —Corpus Christi 1974, writ ref'd n. r. e.). The same rule is applicable to promissory notes. In a case such as ours, where numerous late payments have been accepted, equity will not allow an acceleration of the note unless the holder, within a reasonable time in advance of the receipt of a late payment upon which default is relied, has unequivocally notified the obligor that no further late payments will be accepted. The trial court's correct finding that the holder waived strict compliance with the terms of the note, and that the appellees were not in default renders moot appellant's points of error regarding acceleration and tender.

■ In two points of error, appellant contends that the trial court erred in failing to find that Mrs. Fling's prior actions were not material to Highpoint's conduct, and in failing to hold that Highpoint was not the alter ego of Mrs. Fling. We find no error in the court's refusal to make such findings. There was sufficient evidence for the court to find a waiver by Highpoint, regardless of the prior waiver by Mrs. Fling. Mrs. Fling assigned the note to Highpoint in August of 1980. After becoming the holder of the note, Highpoint accepted seven consecutive late payments without notifying appellees

that no further late payments would be accepted. The evidence also showed that the note was transferred to relieve Mrs. Fling of the worry caused by appellees' late payments. The shareholders and directors of Highpoint were Mrs. Fling, her sister, Mrs. Wilcox, and a nephew and a son of Mrs. Wilcox. Mrs. Wilcox testified that each of them knew of the appellees' past record regarding late payments. These points of error are overruled.

■ Finally, appellants contend that the trial court erred in admitting into evidence a summary of appellees' payments. Appellants contend that the court's admission of the checks, which evidenced the installment payments, was an admission of a record of past recollection without requiring appellees to lay a proper predicate for their admission. We hold that the summary was properly admitted. Mr. Vail produced in court the checks evidencing each payment made on the note. He also produced a written summary made by him containing the dates of the checks and the dates they were cashed. Mr. Vail testified that the summary was made from the original checks, which were in the courtroom. Appellants objected on the ground that there was no indication that the summary was made near the events in question and argued that it was more likely that the summary was something constructed for the convenience of the witness.

■ In their supplemental brief, appellants argue that the lack of a proper objection is immaterial because without proof of the admissibility of the checks they are hearsay and thus the summary itself is hearsay and will not support a verdict. *Steve's Sash and Door Company v. W.B.J. International,* 575 S.W.2d 355 (Tex.Civ.App. —San Antonio 1978, no writ). We first note that before the summary was introduced, appellee Peter Vail testified as to his making late payments to both Mrs. Fling and Highpoint. The only objection made was that this testimony, regarding late payments made to Mrs. Fling, would be immaterial as to Highpoint. The checks were the

best evidence of late payment by appellees and acceptance by appellants, Mrs. Fling and Highpoint. Further, the checks were not hearsay because they were the best evidence of an operational fact, i.e. acceptance of late payments. See R. R. Ray Texas Practice, Law of Evidence § 795 (3rd Edition 1980). As such there was no need, as appellants contend to lay a predicate under art. 3737c, V.A.C.S. Assuming the admissibility of the underlying records, a summary of records is admissible: (1) where the records are voluminous and (2) the records are produced in court and made available to the opposing party for inspection and cross examination. *Black Lake Pipe Line Co. v. Union Construction Co.,* 538 S.W.2d 80 (Tex.1976).

We hold that the trial court properly admitted the summary and that even in absence of the summary there was sufficient evidence for the court to find a waiver of strict compliance with the terms of the note. Since the trial court sitting without a jury is presumed to disregard inadmissible evidence, even if there was error it would be harmless. Rule 434, Tex.R.Civ.Pro. This point of error is overruled.

Affirmed.