NATIONAL COMMERCE
BANK, Appellant,

v.

David C. STIEHL and Patricia
Stiehl, Appellees.

No. 01–92–00663–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 10, 1993.

Kathleen Cynthia Pickett, Kathleen Cynthia Pickett & Associates, Houston, for appellant.

Woodrow Epperson, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

In accordance with TEX.R.APP.P. 79(e) and 90(e), Justice Mirabal requested en banc consideration of this case. The request was overruled by a vote of six to three.

This is an appeal from a judgment: (1) declaring no liability on a deficiency claim in favor of David C. and Patricia A. Stiehl, appellees; and (2) awarding nothing to National Commerce Bank (NCB),[1] appellant, on its counterclaim. We reverse and remand.

**Background**

On December 21, 1988, appellees, along with their son and daughter-in-law, Steve and Shannon Stiehl (the Stiehl Children), executed a note for $24,000. On the same day, as part of the same transaction, the Stiehl Children executed a second note in the amount of $20,000. Both notes contained identical cross-collateralization provisions secured by certain real estate owned by the Stiehl Children, under a deed of trust executed only by the Stiehl Children as grantors and owners of the property. Additionally, both notes contained identical cross-default provisions, essentially stating that a default in either note would constitute a default in the other note.

On August 7, 1990, the Stiehl Children defaulted on the $20,000 note, and NCB gave timely, certified mail notices of default and foreclosure to the Stiehl Children. No payment was made, and NCB declared default and posted the realty for foreclosure. All notices referenced the $20,000 note only. After the foreclosure sale, appellees defaulted on the $24,000 note and instituted suit seeking a declaratory judgment relieving them from liability on the $24,000 note on the grounds of wrongful foreclosure, due to NCB's failure to provide notice to appellees of the actions it took pertaining to the $20,000 note and the realty. NCB filed a counterclaim seeking payment on the outstanding principal and interest of the note and attorney's fees.

In its first point of error, NCB asserts the trial court erred in refusing to make additional, omitted, and amended findings and conclusions as requested.

■ A trial judge is required to file findings that were made by him in support of his judgment. *Wagner v. Riske*, 178 S.W.2d 117, 119 (Tex.1944); *Hazelwood v. Jinkins*, 580 S.W.2d 33, 35 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them. *Nelkin v. Panzer*, 833 S.W.2d 267, 268 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.). The same standards are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a jury question. *Polland & Cook v. Lehmann*, 832 S.W.2d 729, 734 (Tex. App.—Houston [1st Dist.] 1992, writ denied). Although a trial court's conclusions of law may not be challenged for factual insufficiency, the trial court's conclusions drawn from the facts may be reviewed to determine their correctness. *Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

After a trial judge has filed findings of fact and conclusions of law, a party may request additional findings, and the judge is required to prepare and furnish amended findings and conclusions as may be proper. TEX.R.CIV.P. 298.

■ In this case, the trial judge did not make a finding on appellees' legal status under the $20,000 note or the deed of trust. The record shows that NCB made several requests for additional, omitted, and amended findings on the ultimate issues raised by the pleadings and the evidence, and necessary to understanding the trial court's judgment. Therefore, we cannot presume that there are facts, or that the trial court found facts, necessary to support and uphold its conclusions and judgment. *Gunter v. Pogue*, 672 S.W.2d 840, 841–42 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *Hazelwood*, 580 S.W.2d at 33.

---

1. The notes were originally executed in favor of Plaza Del Oro National Bank, which was suc-ceeded in interest by National Commerce Bank.

The first point of error is sustained.

In its second point of error, NCB contends, as a matter of law, there is no evidence to support the court's findings, conclusions, or judgment. The resolution of this appeal turns on the legal effect of the cross-default provisions in the two separate notes, and whether they elevate appellees' legal status to make them debtors in default on the $20,000 note.

■ Compliance with notice conditions contained in a deed of trust and as prescribed by law is a prerequisite to the right of the trustee to make a sale. *Houston First American Sav. v. Muscik*, 650 S.W.2d 764, 768 (Tex.1983). The holder of the debt is only required to serve the "debtor in default under the deed of trust" with the requisite written notice. TEX.PROP.CODE ANN. § 51.-002(d) (Vernon Supp.1993). The record reflects that NCB served the Stiehl Children, the debtors in default under the deed of trust, with requisite notice.

■ Appellees concede that they did not execute the $20,000 note; however, they argue that each note contains provisions concerning default in the other and collateral of the other, and thus, they were liable on both notes.[2] The only evidence introduced by appellees to support this proposition was the testimony by appellees that they believed they are liable on the $20,000 note, therefore, they were entitled to notice of the foreclosure sale on the property under the deed of trust.

However, the record clearly shows: (1) the only signatories to the $20,000 note were the Stiehl Children; (2) appellees neither signed, guaranteed, nor endorsed the $20,000 note;

(3) the Stiehl Children were the sole grantors under, signatories to, and owners of the property covered by the deed of trust, and with the bank, were the only parties to the deed of trust; and (4) NCB foreclosed the property under the deed of trust solely as a result of the default under the $20,000 note and at no time, prior to the foreclosure, declared the $24,000 note in default.

There is no requirement under the deed of trust, for NCB to serve notice of the foreclosure sale on appellees because of the Stiehl Children's default on the $20,000 note. *Hausmann v. Texas Sav. & Loan Ass'n*, 585 S.W.2d 796, 797–800 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.).

The second point is sustained.

In light of the disposition of the first two points of error, we reverse the trial court's judgment and remand for a new trial in accordance with this opinion.

MIRABAL, J., dissents from the refusal to hear the case en banc in an opinion in which DUGGAN and COHEN, JJ., join.

MIRABAL, Justice, dissenting.

I dissent from the refusal of the Court to hear this case en banc.[1]

The majority opinion states:

There is no requirement under the deed of trust, for NCB to serve notice of the foreclosure sale on appellees because of the Stiehl Children's default on the $20,000 note.

Op. at 708 (citation omitted). I disagree. The deed of trust clearly, and unambiguous-

---

**2.** *The $20,000 Note:*

Maker's failure to pay any principal or accrued interest owing on this note when due or the occurrence of any default under the deed of trust or any writing related to this note shall constitute default under this note, whereupon the holder of this note *may elect* to exercise any or all rights, powers, and remedies afforded (a) under the deed of trust and all writings related to this note and (b) by law, including the *right* to accelerate the maturity of this entire note. (Emphasis added.)
*The $24,000 Note:*
Contemporaneously with execution of this promissory note, Maker hereof has executed a

promissory note in the original sum of $24,-000.00 payable to the Payee. Maker acknowledges and agrees that any default in its obligations as set forth in such $24,000 promissory note shall constitute an event of default herein and Payee or any other holder of this Note *shall be entitled to exercise* any and all of its remedies as set forth in this note. (Emphasis added.)

**1.** In accordance with TEX.R.APP.P. 79(e) and 90(e), a request was made for an en banc consideration of the case. The request was denied by a majority of the en banc court. I dissent from that vote refusing to hear this case en banc.

ly, required notice of the foreclosure sale to be sent to appellees prior to the sale.[2]

The Stiehl Children wanted to buy a home, but could not qualify for the needed financing on their own. To enable their son and daughter-in-law to obtain $44,000.00 worth of financing for the purchase of a home, appellees agreed to be co-signatories with the Stiehl Children on a note for $24,000. Additionally, the Stiehl Children, alone, signed a separate note for the balance of the financing, $20,000.00. The payment of both notes was secured by the home the Stiehl Children bought, both notes being "purchase-money notes" for the home.

The deed of trust defines the "Indebtedness" covered by the mortgage as:

> All sums due pursuant to those 2 promissory notes ... of even date hereof ($24,000 and $20,000 notes) executed by Grantor [the Stiehl Children], and David C. Stiehl and Patricia Stiehl [appellees]....

The default provisions of the deed of trust include the requirement that, before the secured property (the home) is sold at a foreclosure sale, the

> Beneficiary shall at least twenty-one (21) days preceding the date of the sale serve written notice of the proposed sale by certified mail on *each debtor* obligated to pay *the Indebtedness* according to the records of beneficiary.

(Emphasis added.)

The deed of trust is clear and unambiguous: The "Indebtedness" included the $24,000 note, signed by appellees as debtors. As a matter of law, appellees were entitled to prior notice of the foreclosure sale in accordance with the terms of the deed of trust. *Houston First American Sav. v. Musick*, 650 S.W.2d 764, 768 (Tex.1983) (compliance with the notice conditions contained in a deed of trust is a prerequisite to the right of the trustee to make a sale). This Court should

---

2. Because the deed of trust is clear, I would hold the failure of the trial court to file additional findings of fact and conclusions of law was harmless. *See Cherne Indus., Inc. v. Magallanes*,

---

address the effect of the lack of the required notice on the claims of the parties.

DUGGAN and COHEN, JJ., join in this opinion.

763 S.W.2d 768, 772 (Tex.1989); Tex.R.App.P. 81(b). Accordingly, I would overrule NCB's first point of error.