Mary Giacona STANLEY and Thomas M. Stanley, Appellants,

v.

CITIFINANCIAL MORTGAGE COMPANY, INC. and Citifinancial Mortgage Company, f/k/a the Associates, Appellees.

No. 09–03–065 CV.

Court of Appeals of Texas, Beaumont.

Submitted Aug. 27, 2003.

Decided Oct. 30, 2003.

Mary Giacona Stanley, Thomas M. Stanley, Montgomery, pro se.

Donald L. Turbyfill, L.B. Robertson, Houston, for appellees.

Before STEVE McKEITHEN, C.J., BURGESS and DAVID B. GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Mary Giacona Stanley and Thomas M. Stanley, plaintiffs below, appeal the judgment of the trial court granting the no-evidence motion for summary judgment of CitiFinancial Mortgage Company, Inc. and CitiFinancial Mortgage Company, Inc., formerly known as The Associates, defendants below. Appellants present eight (8) issues on appeal. Finding no error in the judgment of the court below, we affirm.

### Procedural History

Appellants sued Appellees to set aside and cancel a trustee's deed involving a foreclosure of their property.[1] The petition alleged that Appellees failed to comply with the requirements of the law pertaining to foreclosures, that proper notice was not provided, that the consideration received from the foreclosure sale was grossly inadequate, and that the trustee failed to comply with the general and fiduciary duties owed to Appellants. Appellants contend that Mary, as the owner of an alleged "equitable title" in the property, was not provided notice of the sale, and further, that the sale should be set aside due to alleged misrepresentations of material facts by Appellants.

Appellees filed a no-evidence motion for summary judgment, pursuant to TEX.R. CIV. P. 166a(i), which was granted by the trial court. Appellants moved to set aside the judgment, or, in the alternative, to grant them a new trial. The trial court granted this motion, set aside its judgment, and ordered the cause to proceed on its merits.

Appellants then filed a response to the no-evidence motion for summary judgment, which included their affidavits and attachments. After the filing of a reply by Appellees, the trial court once again granted the motion and rendered a take-nothing judgment against Appellants.

### Summary Judgment

To prevail on summary judgment, movant must establish that there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). In a no-evidence motion for summary judgment, a party may move for summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the non-movant would have the burden of proof at trial. The court must grant the motion unless the non-movant produces summary judgment evidence raising a genuine issue of material fact. TEX.R. CIV. P. 166a(i). The no-evidence motion for summary judgment is essentially a pre-trial directed verdict, and requires the non-

1. The property at issue is described as "6.0286 acres of land and 1.7101 acres of land being a part of Landrum Village, Section 2, a subdivision of 272.668 acres located in the Zachariah Landrum Survey, Abstract No. 22, of Montgomery County, Texas, also commonly described as 23356 Landrum Village, Montgomery, Texas 77356 (formerly 53 Landrum Village, Montgomery, Texas 77356.)"

movant to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element on which he would have the burden of proof at trial. If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then summary judgment is not appropriate. In our review of the motion for summary judgment, we accept as true evidence favorable to the non-movant, and indulge every reasonable inference in non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985).

*Did the trial court's granting of a new trial prohibit it from granting summary judgment to Appellees?*

■ We first address Appellants' contention that by granting their motion to set aside the judgment and for a new trial, the trial court "found by implication that the appellants had supplied proof sufficient to raise a genuine issue of material fact." In order to address this issue, we set forth the procedural history of this case:

Appellees filed their no-evidence motion for summary judgment on July 19, 2002. The submission date was set for August 15, 2002, at 9:00 a.m. The certificate of service indicates certified mail, return receipt requested, to: "THOMAS EDWARD STANLEY, PRO SE" and "MARY GIACONA STANLEY, PRO SE."

On September 6, 2002, the trial court granted Appellees' no-evidence motion, and rendered a take-nothing judgment in their favor. On October 3, 2002, Appellants filed a motion to set aside the judgment, or, in the alternative, motion for a new trial. In this motion, Appellants contend that they did not receive proper notice of the motion for summary judgment; the purported service on "THOMAS EDWARD STANLEY" did not constitute good notice on Thomas M. Stanley; and,

that at the time of the filing Mary Giacona Stanley had just given birth to a child and was in bed recovering. They stated that neither of them had received notice and that their failure to respond was not the result of "conscience" (sic) indifference.

Appellees' Response to Appellants' Motion contended, *inter alia*, that while the certificate of service on its motion for summary judgment does show service upon "THOMAS EDWARD STANLEY," the envelope sent certified mail to Appellant was properly addressed to "THOMAS M. STANLEY." Attachments to the Response show that while service by mail was attempted upon Appellants, neither party claimed the correspondence.

In the trial court, both parties contend that the rules pertaining to the setting aside of no answer default judgments set forth in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939), should govern. *Craddock* holds that a no answer default judgment should be set aside and a new trial ordered when: "the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense, and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." *Id.* at 126. In *Huffine v. Tomball Hosp. Auth.*, 979 S.W.2d 795, 798–99 (Tex.App.-Houston [14th Dist.] 1998, no pet.), and *Medina v. Western Waste Indus.*, 959 S.W.2d 328, 331 (Tex.App.-Houston [14th Dist.] 1997, pet. denied), the Houston Court ruled that the *Craddock* requirements should be applied in determining whether the trial court should set aside a judgment and grant a new trial in a default summary judgment situation, restating the *Craddock* requirements as follows:

Thus, we hold that where the failure to respond to a motion for summary judgment was (1) not intentional or the result of conscious indifference, but the result of an accident or mistake, a new trial should be granted, provided that (2) *the non-movant's motion for new trial alleges facts and contains proof sufficient to raise a material question of fact,* and (3) demonstrates that the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Medina,* 959 S.W.2d at 331 (emphasis added)(footnote omitted). The second requirement of *Medina,* the basis of Appellants' contention herein, replaces the *Craddock* requirement that the party seeking a new trial set out a meritorious defense. *Huffine,* 979 S.W.2d at 799. This Court has held the *Craddock* requirements applicable to a trial court's determination whether to grant a new trial after a defaulted motion for summary judgment. *See Gonzales v. Surplus Ins. Serv.,* 863 S.W.2d 96, 102 (Tex.App.-Beaumont 1993, writ denied).

Recently, however, the relevant holdings of *Huffine* and *Medina* are called into question by the Supreme Court in *Carpenter v. Cimarron Hydrocarbons Corp.,* 98 S.W.3d 682 (Tex.2002). After noting *Huffine* and *Medina,* the Court disapproved of decisions holding the *Craddock* requirements must be met in a situation where a non-movant "is aware of its mistake at or before the summary-judgment hearing and thus has an opportunity to apply for relief under our rules." *Id.* at 686. The Court specifically declined to rule on whether *Craddock* (as applied to summary judgment in *Huffine* and *Medina*) should still be applied when a non-movant does not discover its error until after the hearing or the rendition of summary judgment. Thus, whether these holdings would still be controlling in the situation presented in the present case has been called into serious question.

However, even assuming *Huffine* and *Medina* still accurately state the applicable law, we are not called upon in this appeal to review the denial of a motion for new trial under such circumstances. Rather, Appellant contends that by granting its motion for new trial, the trial court's ruling impliedly found a material issue of fact, and therefore it could not thereafter grant Appellees' motion for summary judgment.

 As a general rule, after the granting by the trial court of a new trial, a case "stands upon the docket as if it had not been tried." *State Dep't of Highways and Pub. Transp. v. Ross,* 718 S.W.2d 5, 11 (Tex.App.-Tyler 1986, orig. proceeding) (quoting *De Ramirez v. Sovereign Camp, W.O.W.,* 123 S.W.2d 737, 738 (Tex.Civ. App.-El Paso 1938, no writ)). As recently stated by the Houston Court in *Zapata v. ACF Indus., Inc.,* 43 S.W.3d 584, 586 (Tex. App.-Houston [1st Dist.] 2001, no pet.), the granting of a new trial "does not prevent a trial court from later rendering summary judgment on the same grounds as those asserted before the new trial was granted."

Even assuming, without deciding, that *Huffine* and *Medina* are still applicable in this situation, no authority applying that rule of law in the manner proposed by Appellant has been cited. Such application would be contrary to the above-cited general rules regarding the effect of a motion for new trial. This issue is overruled.

### Notice

In Issues One through Five, Appellants contend they have presented sufficient summary judgment evidence to raise genuine issues of material fact regarding notice in connection with the foreclosure:

1) notice of default;

2) notice of intent to accelerate;

3) notice of sale;

4) notice that no further late payments would be accepted; and

5) notice of any kind to Mary Giacona Stanley.

■ A no-evidence summary judgment is properly granted if the non-movant fails to produce more than a scintilla of probative evidence raising a genuine issue of material fact as to an essential element of a claim on which the non-movant would have the burden of proof at trial. *Lake Charles Harbor and Term. Dist. v. Board of Trustees of the Galveston Wharves*, 62 S.W.3d 237, 241 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). In order for the trustee to lawfully undertake a foreclosure on real property, he or she is required to comply with notice requirements set forth in the deed of trust and as prescribed by law. *National Commerce Bank v. Stiehl*, 866 S.W.2d 706, 708 (Tex.App.-Houston [1st Dist.] 1993, no pet.).

■ We first address Issue Five, regarding notice of any kind to Mary Giacona Stanley. Mary's affidavit, filed as responsive summary judgment evidence, acknowledges that she is a party to neither the deed nor the deed of trust. A trustee has no affirmative duty beyond those required by law or as contained in the deed of trust; his or her duties are fulfilled by strict compliance with applicable laws and the terms of the deed of trust. *Peterson v. Black*, 980 S.W.2d 818, 822 (Tex.App.-San Antonio 1998, no pet.). There is no legal requirement that personal notice of a foreclosure be sent to persons not parties to the deed of trust. *American Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 588 (Tex. 1975); *National Commerce Bank*, 866 S.W.2d at 708. *See also Long v. NCNB—Texas Nat'l Bank*, 882 S.W.2d 861, 866 (Tex.App.-Corpus Christi 1994, no pet.).

As Mary has not filed a copy of the deed of trust as responsive summary judgment evidence, we cannot determine if any provisions of the deed require that she receive notice. She has, therefore, failed to demonstrate even a scintilla of evidence of a genuine issue of material fact regarding her right to notice. Issue Five is overruled.

■ Issues One through Four pertain to notice to Thomas. Issue Three contends there is a genuine issue of material fact regarding adequate notice of sale. However, Thomas, as part of his responsive summary judgment evidence, did not file a copy of the deed of trust. By failing to do this, he has raised no competent summary judgment evidence that the trustee failed to comply with the deed's own notice requirements. The statutory notice requirements are found in Tex. Prop.Code Ann. § 51.002(b)(3) (Vernon 1995). This notice must be in writing and must be sent by certified mail to each debtor who, according to the records of the holder of the debt, is obligated to pay the debt. *Id.* Service by certified mail is complete when the notice is deposited in the U.S. Mail, postage prepaid, addressed to the debtor at the debtor's last known address as shown by the records of the debt holder. Tex. Prop.Code Ann. § 51.002(e) (Vernon 1995). The statute requires constructive notice; there is no requirement of actual notice. *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835 (Tex.App.-Fort Worth 1999, pet. denied). In his affidavit, Thomas stated that he failed to receive notice. The affidavit does not state facts pertaining to the statutory requirements, i.e., whether the debt holder's records contain the last-known address of the debtor, and whether such notice was deposited in the U.S. Mail, certified mail, return receipt requested. Non-compliance with these two requirements must be shown to estab-

lish lack of notice. *Onwuteaka v. Cohen,* 846 S.W.2d 889, 892 (Tex.App.-Houston [1st Dist.] 1993, writ denied). Thomas has not produced even a scintilla of competent summary judgment evidence that Appellees did not comply with notice requirements pertaining to a trustee's sale. Issue Three is overruled.

■■■■ Issues One and Two concern notice of default and notice of intent to accelerate. Where the holder of a promissory note has the option to accelerate the maturity of the note upon the maker's default, equity demands that notice be given of the intent to exercise the option. Such notice must afford an opportunity to cure the default and apprize the debtor that failure to cure the default will result in an acceleration of the note and foreclosure. If after such notice, the mortgagor fails to remedy the breach, the mortgagee is then authorized to accelerate maturity and begin foreclosure proceedings under the deed of trust. Proper notice that the debt has been accelerated cuts off the debtor's right to cure his default and gives notice that the entire debt is due and payable. *Ogden v. Gibraltar Sav. Ass'n,* 640 S.W.2d 232, 233–34 (Tex.1982). *See also Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 566 (Tex.2001).

However, unlike the notice of sale in Section 51.002, the form of these notices is not spelled out either in a statute or in case law. If notice as specified in 51.002 is required, then Thomas, by his failure to provide competent summary judgment evidence of whether Appellees' records contain the debtor's last known address or a showing that notice was deposited in the U.S. Mail by certified mail, has likewise in this Issue failed to demonstrate a genuine issue of material fact. Also, as previously stated, the trustee is required to comply with all terms of the deed of trust. *Ste-*

*phenson v. LeBoeuf,* 16 S.W.3d 829, 836–37 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). The provisions as to notice set forth in a deed are controlling in the absence of an overriding statutory provision, and must be strictly complied with. HERBERT THORNDIKE TIFFANY & BASIL JONES, THE LAW ON REAL PROPERTY § 1547 (3d ed.1939). In *Handelman v. Handelman,* 608 S.W.2d 298, 300–01 (Tex.Civ.App.-Houston [14th Dist.] 1980, writ ref'd n.r.e.), a provision contained in the deed of trust required all notices between the parties be effected through certified mail, return receipt requested, and in that case, the mortgage holder demonstrated compliance with such provisions. By failing to file a copy of the deed of trust, or any other documentation to demonstrate the required notice, or citing any applicable statutory or case law requirement in this situation, Thomas fails to provide even a scintilla of evidence that would show a genuine issue of material fact precluding summary judgment. Issues One and Two are overruled.

Thomas, in Issue Four, contends he has raised a genuine issue of material fact regarding whether Appellees notified him that late payments on the note would no longer be accepted. He cites *Highpoint of Montgomery Corp. v. Vail,* 638 S.W.2d 624 (Tex.App.-Houston [1st Dist.] 1982, writ ref'd n.r.e.). In that case, 120 of 132 payments made by debtor were received and accepted late, and under the circumstances, before allowing the debt holder to permit one additional late payment to constitute default, the holder was required to notify debtor that late payments would no longer be acceptable. *Id.* at 626–27. Whether this rule would be applicable to this situation is questionable. The number of late payments made by Thomas and accepted by Appellees was not nearly this frequent.[2] Nonetheless, even if *Highpoint*

---

**2.** In Thomas's affidavit, he states that the

closing on the property occurred in 1992.

is applicable here, we have, as in Issues One, Two, and Three, no summary judgment evidence raising a genuine issue of material fact that Appellees failed to comply with required notice. The mere assertion that notice was not received is not sufficient.

### Misrepresentation—Fraud

■ In Issue Six, Appellants contend that the trial court erred in granting Appellees' no-evidence motion for summary judgment because a genuine issue of material fact existed on the claims for fraud and misrepresentation. They contend that the promises of Appellees' predecessor raise a genuine issue of material fact on their claim for misrepresentation.

■ To recover for fraud or misrepresentation, plaintiff is required to prove: "(1) that a material misrepresentation was made; (2) that it was false; (3) that the speaker knew it was false when made or that the speaker made it recklessly without any knowledge of the truth and as a positive assertion; (4) that he made it with the intention that it be acted upon by the other party; (5) that the party acted in reliance upon it; and (6) damage." *T.O. Stanley Boot Co., Inc. v. Bank of El Paso,* 847 S.W.2d 218, 222 (Tex.1992). If the representation involves a promise to do an act in the future, plaintiff also had to prove that, at the time the promise was made, the other party had no intention of performing it. *Id.* "Failure to perform, standing alone, is no evidence of the promisor's intent not to perform when the promise was made." *Southeast Tex. Homecare Specialists, Inc. v. Triangle Billing, Inc.,* 43 S.W.3d 106, 110 (Tex.App.-Beaumont 2001, no pet.).

The allegations upon which Appellants based their misrepresentation claim concern alleged statements by representatives of Ford Consumer Credit, Appellees' predecessor holder of the mortgage, around the time of the closing on the property in question. The summary judgment evidence states that shortly before the scheduled closing, Ford Consumer Credit required that, notwithstanding her payment of part of the earnest money, Mary's name be taken off the deed and deed of trust. She was allegedly told by a representative of Ford Consumer Credit that they were aware of her interest in the property, and that she would be notified regarding any developments as to the property. She stated that she received no notice.

Even assuming the truth of these allegations, as we are required to do for the purpose of reviewing summary judgment, there is no evidence that the promises made by Appellees' predecessor at the time of closing were made with no intention of performing them. The evidence establishes only the failure to perform; there is no evidence from which a trier of fact could determine fraudulent intent at the time the alleged promise was made, and without evidence of such intent, there is no cause of action for fraud and misrepresentation. *Id.* at 110. The trial court correctly granted the no-evidence motion for summary judgment on this basis. This issue is overruled.

### Estoppel

In Issue Seven, Appellants contend the trial court erred in granting Appellees' no-evidence motion for summary judgment because a genuine issue of material fact existed on the claims of equitable estoppel. In Mary's affidavit filed as summary judgment evidence, she states that the representative of Ford Consumer Credit as-

---

His difficulties in payment began in 2001. The affidavit specifically identifies what *could*

be a late payment as being made in July 2001.

sured her at closing that they recognized her interest in the property, that her interest was reflected in their records, and promised that no action would be taken concerning the property without giving her notice.

 The elements required for equitable estoppel are: "(1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515–16 (Tex. 1998). Generally, estoppel cannot be grounded on a promise to do something in the future. *Citizens Nat'l Bank at Brownwood v. Ross Constr. Co.*, 146 Tex. 236, 206 S.W.2d 593, 595 (1947). Promissory estoppel is recognized as an exception to this rule, as a defensive doctrine which permits one who has relied on a promise to prevent an attack on the enforceability of the promise. *Robbins v. Payne*, 55 S.W.3d 740, 747 (Tex.App.-Amarillo 2001, pet. denied). The requisites of promissory estoppel are: (1) a promise; (2) foreseeability of reliance thereon by the promisor; (3) substantial reliance by the promisee to his detriment; and (4) a definite finding that injustice can be avoided only by the enforcement of the promise. *City of Beaumont v. Excavators & Constr., Inc.*, 870 S.W.2d 123, 136–37 (Tex.App.-Beaumont 1993, writ denied).

 Appellants, in this case, seek to use the doctrine of promissory estoppel as an affirmative basis for relief. While recognizing there is authority to the contrary[3], this Court has held, and holds in

this case, that promissory estoppel is defensive only, and cannot constitute a basis for affirmative relief. *Jefferson County Drainage Dist. No. 6 v. Lower Neches Valley Auth.*, 876 S.W.2d 940, 953 (Tex. App.-Beaumont 1994, writ. denied); *City of Beaumont v. Excavators & Constr., Inc.*, 870 S.W.2d at 137. *See also Hruska v. First State Bank of Deanville*, 747 S.W.2d 783, 785 (Tex.1988); *Robbins v. Payne*, 55 S.W.3d at 747. This issue is overruled. The judgment of the trial court is affirmed.

AFFIRMED.

GAULTNEY, J., filed a dissenting opinion.

DAVID B. GAULTNEY, Justice, dissenting.

I respectfully dissent. The Property Code requires that the holder of the debt serve the debtor with written notice by certified mail that the debtor is in default under the deed of trust on real property used as his residence. *See* TEX. PROP.CODE ANN. § 51.002(d) (Vernon 1995). The statutory notice requirement is not waiveable by agreement. *Id.* The holder of the debt is also required to give written notice to each debtor of the sale of the property by certified mail. TEX. PROP.CODE ANN. § 51.002(b)(3) (Vernon 1995).

Service by certified mail of the required notices is complete when notice is deposited in the U.S. mail, postage prepaid, and addressed to the debtor at the debtor's last known address as shown by the records of the holder of the debt. *See* TEX. PROP.CODE ANN. § 51.002(e) (Vernon 1995). A violation of section 51.002(e) is established when it is shown that the holder of the debt (1) had in its records the most

---

**3.** *See e.g., Reyna v. First Nat'l Bank in Edinburg*, 55 S.W.3d 58, 70 n. 4 (Tex.App.-Corpus Christi 2001, no pet.).

recent address of the debtor, and (2) failed to mail the notice by certified mail to that address. *See WTFO, Inc. v. Braithwaite,* 899 S.W.2d 709, 720 (Tex.App.-Dallas 1995, no writ). A foreclosure sale may be set aside if the creditor fails to provide the required notice. *See Mills v. Haggard,* 58 S.W.3d 164, 166–67 (Tex.App.-Waco 2001, no pet.).

In response to the creditor's no-evidence motion for summary judgment, Thomas Stanley filed an affidavit stating he received letters from appellee, but was never provided with the required notices. I see no indication in this record the required notices were sent. I recognize that, if we were to remand the case, the creditor may be able to establish through a traditional motion for summary judgment that proof of service was accomplished by certified mail, and that Stanley simply never accepted the certified mail. But on this slim record, I would give the Stanley affidavit its broadest reading. I would hold that Stanley's affidavit raises a fact issue on notice.