**Opinion issued September 28, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-16-00596-CV**

————————————

**ANGEL B. CALEGON, Appellant**

**V.**

**2009 SWE, LLC, Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-00329**

---

**MEMORANDUM OPINION**

Appellant, Angel B. Calegon, challenges the trial court's rendition of

summary judgment in favor of appellee, 2009 SWE, LLC, in her suit against it for

breach of contract, wrongful foreclosure, and declaratory judgment. In three issues,

Calegon contends that the trial court erred in considering certain summary-judgment

evidence and granting 2009 SWE summary judgment on her wrongful foreclosure claim.[1]

We affirm.

## Background

In her first amended petition, Calegon alleged that in March 2011, she purchased a tract of land, described as Lot 4 in Block "R" of the Leeland Park addition to Houston in Harris County, Texas, also known as "3813 Drew Street, Houston, Texas 77004" from 2009 SWE for $31,000 pursuant to a promissory note secured by the property. The deed of trust for the property lists 2009 SWE as the lender and Calegon as the grantor. In the event of Calegon's default, the deed permits 2009 SWE to take certain actions, including:

> (1) declare the unpaid principal balance and earned interest immediately due;
>
> (2) direct the trustee, Scott Wizig, to foreclose the lien, in which case 2009 SWE would cause notice of the foreclosure sale to be given pursuant to the Texas Property Code; and
>
> (3) purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

In November 2014, 2009 SWE sent Calegon a letter notifying her that it was accelerating the loan because of Calegon's failure and refusal to cure default. The

---

[1] Calegon does not challenge the trial court's rendition of summary judgment against her on her breach of contract claim and declaratory-judgment action.

2

letter included a notice of trustee or substitute trustee's sale, detailing that the property was scheduled for foreclosure on December 2, 2014 at 10:00 a.m., or not more than three hours after that time. In the letter, 2009 SWE demanded that the "the full unpaid principal balance, together with all accrued but unpaid interest[,] be paid no later than 9:00 a.m. (Central Standard Time), on the Foreclosure Date" and that "[a]ll amounts due . . . be paid by cashier's check or other certified funds."

The letter lists the recipient's address as Calegon's home address, 10907 Southview Street, Houston, Texas 77047. It lists the address of the subject property as "3813 Drew Street, Houston, Texas 77004." And it includes certified mail tracking numbers for both mailings. The letter is dated November 12, 2014, and the notice of trustee or substitute trustee's sale is dated November 11, 2014. However, the certified mail receipt for the mailing bears a stamp reflecting November 10, 2014 as the postmark date. The record also includes a USPS Product and Tracking Information Sheet that states that the letter was received at the USPS facility on November 10, 2014.

Calegon further alleged that 2009 SWE breached the terms of the note and deed of trust by failing to credit all funds against the loan balance, notify her of the balance due, and provide adequate notice of the foreclosure sale. She also alleged wrongful foreclosure, asserting that the property was sold at a grossly inadequate sale price at the foreclosure sale, and she sought a judgment declaring that the

3

December 2, 2014 foreclosure sale was void and "quieting the title to the Property in Plaintiff."

In her deposition, Calegon confirmed that 10907 Southview was her correct address; however, she denied ever receiving the letter notifying her of the foreclosure sale at that address. Indeed, she received the letter at the Drew Street address on November 28, 2014, the Friday before the foreclosure sale. Calegon did admit that when she had spoken to account representative David Cerda at 2009 SWE eight days before, he had informed her that she needed to pay $3,386.39. According to Calegon, she took $1,900 to 2009 SWE's office before noon on December 2, 2014, the day of the foreclosure sale. After 2009 SWE informed her that it could only accept the entire amount due, which was $4,461.06, Calegon returned at around 11:00 a.m. or 12:00 p.m. with a $1,900 cashier's check and $2,561 in money orders. However, 2009 SWE informed her that it was too late for her to make the payment.

2009 SWE moved for summary judgment on Calegon's claims, arguing that it was entitled to judgment as a matter of law on Calegon's claim that it had breached the terms of the note and deed of trust, because it had provided Calegon the requisite 21-days' notice of the foreclosure sale as evidenced by the postmark date on the notice letter and the USPS tracking sheet. 2009 SWE attached to its motion an affidavit from Jose Martinez, who testified that he had prepared the notice of sale and forwarded it and the accompanying correspondence to Calegon on November

4

10, 2014. 2009 SWE also asserted that the undisputed summary-judgment evidence established that it had notified Calegon of the balance due to cure the default and avoid foreclosure, and although it had applied to Calegon's account a $1,000 payment that had not previously been accounted for in November 2014, the account remained in default.

In her response, Calegon asserted that 2009 SWE's evidence of the notice of sale constitutes hearsay and was not properly authenticated; Martinez did not specifically state that he had deposited the notice in the U.S. mail, postage paid, and addressed to Calegon's last known address; and 2009 SWE's copy of the USPS tracking sheet constitutes hearsay. Relying on the dates listed on the cover letter and the notice of trustee's sale, she further asserted that 2009 SWE failed to provide evidence of its delivery and a fact issue existed about when the notice was sent.

The trial court granted 2009 SWE partial summary judgment, dismissing Calegon's claims that 2009 SWE had failed to (1) provide Calegon adequate notice of the foreclosure sale, (2) account for all payments made by Calegon towards the loan on the property, and (3) provide Calegon the amount to cure default. 2009 SWE subsequently filed a no-evidence summary-judgment motion on Calegon's remaining claim that the property was sold at a grossly inadequate sales price at the foreclosure sale. It asserted that Calegon had failed to present any evidence of irregularities with the foreclosure sale that caused or contributed to a grossly

5

inadequate sales price, which was necessary for her to sustain such a claim. And the trial court granted 2009 SWE final summary judgment.

## Standard of Review

To prevail on a matter-of-law summary-judgment motion, the movant must establish that no genuine issue of material fact exists and the trial court should grant judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). When a defendant moves for a matter-of-law summary judgment, it must either (1) disprove at least one essential element of the plaintiff's cause of action, or (2) plead and conclusively establish each essential element of an affirmative defense, thereby defeating the plaintiff's cause of action. *See Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Once the movant meets its burden, the burden shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. *See Siegler*, 899 S.W.2d at 197; *Transcon Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The evidence raises a genuine issue of fact if reasonable and fair-minded fact finders could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

6

## Admissibility of Summary-Judgment Evidence

In her first issue, Calegon argues that the trial court, in granting 2009 SWE partial summary judgment, erred in considering as summary-judgment evidence 2009 SWE's notice of sale and related correspondence because they constitute hearsay, not subject to any exception.

Hearsay means a statement not made by the declarant while testifying at the current trial or hearing and offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Hearsay is not admissible except as provided by the rules of evidence or other rules prescribed by the supreme court or by law. TEX. R. EVID. 802. "Out-of-court statements are not hearsay if offered for a purpose other than to prove the truth of the matter asserted." *McCraw v. Maris*, 828 S.W.2d 756, 757 (Tex. 1992). When a party offers a statement simply to show that it was made rather than to show its truth or falsity, the hearsay rule does not bar its admission. *City of Austin v. Hous. Lighting & Power Co.*, 844 S.W.2d 773, 791 (Tex. App.—Dallas 1992, writ denied) (citing *Pope v. Darcy*, 667 S.W.2d 270, 273 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.)).

Here, 2009 SWE did not offer the letter or notice of sale to establish the truth of its contents. Rather, 2009 SWE submitted the notice of foreclosure sale and related correspondence as evidence that it had sent Calegon the requisite notice. Because the hearsay rule does not bar the admission of evidence for the purpose of

establishing notice, we conclude that the trial court did not err in overruling Calegon's objections to these documents. *See Crofton v. Amoco Chem. Co.*, No. 14-98-01412-CV, 1999 WL 1122999, at *3 (Tex. App.—Houston [14th Dist.] Dec. 9, 1999, pet. denied) (not designated for publication) (holding newspaper article not hearsay because not offered for truth of matter asserted but to establish notice); *Krueger v. Gol*, 787 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (concluding trial court did not err in admitting statements in affidavit not offered for truth of matter asserted therein but rather to show date plaintiff put on notice of potential malpractice claim).

We overrule Calegon's first issue.

## Wrongful Foreclosure

In her second issue, Calegon argues that the trial court erred in granting 2009 SWE partial summary judgment on her wrongful foreclosure claim because there were two defects in the foreclosure sale proceedings: (1) 2009 SWE failed to give her timely notice of the foreclosure sale and (2) it failed to inform her of the balance due for her to avoid the foreclosure sale. In her third issue, Calegon argues that the trial court erred in granting 2009 SWE final summary judgment on her wrongful foreclosure claim because the subject property was sold for a grossly inadequate price.

8

The elements of a claim for wrongful foreclosure are (1) a defect in the sale proceedings, (2) a grossly inadequate sale price, and (3) a causal connection between the defect and the sale price. *Lagou v. U.S. Bank Nat'l Ass'n*, No. 01-13-00311, 2013 WL 6415490, at *7 (Tex. App.—Houston [1st Dist.] Dec. 5, 2013, no pet.) (mem. op.) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)). A defect in foreclosure proceedings may occur when the statutory foreclosure procedures are not followed. *Hardy v. Wells Fargo Bank, N.A.*, No. 01-12-00945-CV, 2014 WL 7473762, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, no pet.) (mem. op.).

To lawfully foreclose on real property, a mortgagee or trustee is required to comply with the notice requirements set forth in the deed of trust and those prescribed by law. *See Univ. Savings Ass'n v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1982); *Nat'l Commerce Bank v. Stiehl*, 866 S.W.2d 706, 708 (Tex. App.—Houston [1st Dist.] 1993, no writ). Notice of a foreclosure sale must be given at least twenty-one days before the date of the sale. TEX. PROP. CODE ANN. § 51.002(b) (Vernon 2014). Moreover, service of the notice by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. *Id.* § 51.002(e). The affidavit of a person knowledgeable of the facts to the effect that service was completed constitutes prima facie evidence of service. *Id.*

***Timely Notice of Foreclosure Sale***

Calegon first argues that a fact issue exists about whether 2009 SWE sent her timely notice of the foreclosure sale because the dates on the letter, notice of sale of trustee, and postmark conflict. She asserts that Martinez's affidavit testimony does not unequivocally state that he deposited the notice in the mail, via certified mail, addressed to her last known address, twenty-one days before the foreclosure sale. Rather, Martinez stated that he "forwarded" the letter and notice to her on November 10, 2014. Calegon asserts that this is insufficient to establish compliance with the requisite notice procedures. She also asserts that 2009 SWE's evidence of notice is rebutted by the lack of evidence that she received the notice.

The Texas Supreme Court has noted that a postmark constitutes prima facie evidence of the date of a mailing. *See Lofton v. Allstate Ins. Co*., 895 S.W.2d 693, 693 (Tex. 1995) (concluding, in absence of postmark or certificate of mailing, uncontroverted affidavit of attorney may establish date of mailing compliance). And the Texas Property Code provides that the affidavit of a person with knowledge of the facts of the completion of service constitutes prima facie evidence of service. TEX. PROP. CODE ANN. § 51.002(e).

Here, as evidence that it provided Calegon timely notice of the foreclosure sale, 2009 SWE submitted both the certified mail receipt, bearing the date of mailing, and the affidavit of account representative Martinez. In his affidavit, Martinez

10

testified that he personally forwarded notice of the foreclosure sale to Calegon on November 10, 2014, specifically stating:

> I personally prepared the Notice of Sale and accompanying correspondence which were forwarded to Ms. Calegon on November 10, 2014. I forwarded the documents to both the address of the property and 10907 Southview, Houston, Texas 77047 which was the address designated by Ms. Calegon to forward communications (CM/RRR). These documents were forwarded [by] both certified mail return receipt requested and regular mail.

Martinez explained that although he incorrectly dated the letter accompanying the foreclosure sale notice as November 12, 2014, he, in fact, forwarded the letter and notice to Calegon on November 10, 2014. 2009 SWE also submitted the certified mail receipt for the notice of sale and accompanying letter, postmarked November 10, 2014. The foreclosure sale was held on December 2, 2014. 2009 SWE was required to give Calegon notice of the foreclosure sale by November 11, 2014, twenty-one days before the date of the sale. *See* TEX. PROP. CODE ANN. § 51.002(b). Thus, 2009 SWE provided prima facie evidence that it timely mailed notice of the foreclosure sale to Calegon and that the letter accompanying the notice was incorrectly dated. And Calegon did not provide evidence to rebut the postmark date or Martinez's testimony about the date of mailing.

Calegon complains about Martinez's use of the term "forwarded" in his affidavit, asserting that it does not constitute clear, positive, and direct evidence that he deposited the notice and letter in the mail, postage prepaid to Calegon's address.

11

However, the verb "forward" means "to send forward: transmit" and "to send or ship onward from an intermediate post or station in transit," such as with mail. *Forward*, MERRIAM-WEBSTER'S DICTIONARY (11th ed. 2003). Thus, the term "forwarded," as used in the context of Martinez's affidavit, expressly communicates that he sent or transmitted the letter and notice as he further clarifies, by "certified mail return receipt requested and regular mail" to both of the addresses listed.

Calegon next asserts that she did not receive the letter or notice at her home address.[2] 2009 SWE correctly responds that "[t]he dispositive inquiry under section 51.002(e), however, it not *receipt* of notice, but, rather, *service* of notice." *Adebo v. Litton Loan Servicing, L.P.*, No. 01-07-00708-CV, 2008 WL 2209703, at *4 (Tex. App.—Houston [1st Dist.] May 29, 2008, no pet.) (mem. op.) (citing TEX. PROP. CODE ANN. § 51.002(e)). Thus, Calegon's alleged non-receipt of the notice does not create a fact issue about whether 2009 SWE satisfied the notice requirements of Texas Property Code section 51.002.

We conclude that Calegon did not raise a fact issue as to whether 2009 SWE provided timely notice of the foreclosure sale in compliance with the requirements of the Texas Property Code and the terms of the deed of trust. *See id.* at *4

---

[2] 2009 SWE attached to its summary-judgment motion Calegon's deposition testimony in which she confirmed that the addresses listed on the letter accompanying the notice of foreclosure sale and certified mail receipt were correct. Thus, it is undisputed that the letter and notice of foreclosure sale were correctly addressed to both, Calegon's home address and the address of the subject property.

(concluding affidavit from foreclosure director stating notice properly sent by certified mail on date in question and documents supporting testimony constituted sufficient evidence of date of mailing and denial of receipt of notice failed to create fact issue); *Neiswender v. SLC Constr. LLC*, No. 13-11-00669-CV, 2012 WL 3046010, at *2–3 (Tex. App.—Corpus Christi July 26, 2012, pet. denied) (mem. op.) (concluding conflicting statement in one affidavit about date of mailing did not overcome presumption established by postmark date or create fact issue about date of mailing); *cf. Zeller v. Univ. Savings Ass'n*, 580 S.W.2d 658, 660–61 (Tex. App.— Houston [14th Dist.] 1979, no pet.) (concluding fact issue existed about date of mailing where certified mail receipt did not reflect date of deposit of notice and affidavit failed to state facts establishing affiant's knowledge of timely service).

***Notice of Amount Due to Cure Default***

Calegon next asserts that 2009 SWE failed to provide her with the amount due to cure default before the foreclosure sale. To its summary-judgment motion, 2009 SWE attached the affidavit of its account representative David Cerda. Cerda averred that on November 20, 2014, twelve days before the foreclosure sale, he informed Calegon that she needed to pay 2009 SWE $3,386.39 to bring her account current and cure the default. On November 28, 2014, he advised Calegon of the updated amount due, which included the addition of the December payment, if she paid after

13

November 30, 2014. Moreover, Calegon herself testified that on November 20, 2014, Cerda told her that she "needed to come up with $3,386.39."

We conclude that Calegon did not raise a fact issue as to whether 2009 SWE failed to provide her with the amount due to it to avoid foreclosure.

### Grossly Inadequate Sales Price

Finally, Calegon asserts that the property was sold for a grossly inadequate sale price at the foreclosure sale. However, "inadequacy of consideration alone does not render a foreclosure sale void if the sale was 'legally and fairly made.'" *Benitez v. Perales*, No. 01-00-00211-CV, 2002 WL 1981189, at *5–6 (Tex. App.—Houston [1st Dist.] Aug. 29, 2002, no pet.) (not designated for publication) (citing *Amer. Sav. & Loan Ass'n v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975)); *see also Farkas v. Aurora Loan Servs., L.L.C.*, No. 05-15-01225-CV, 2017 WL 2334235, at *5 (Tex. App.—Dallas May 30, 2017, no pet.) (mem. op.) ("[I]nadequacy of price alone is not sufficient to support a wrongful-foreclosure claim."). Here, as noted above, Calegon failed to establish a fact issue in regard to a defect in the sale proceedings, another essential element of her wrongful-foreclosure claim. Thus, we need not address her argument that the selling price was grossly inadequate because her wrongful-foreclosure claim fails as a matter of law. *See* TEX. R. APP. P. 47.1; *see also Farkas,* 2017 WL 2334235, at *5.

We overrule Calegon's second and third issues.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.